J. A. Lusk *v.* J. C. Swon—C. B. Church, in Warranty.

9    367
e115   38

L. hired a slave to S.; the slave absconded, and L. brought suit against S. for its value.  S. pleaded
that since the hiring he had discovered that the slave was free.  L. then called his vendor in war-
ranty, who excepted to the proceeding.  *Held:* L. had no right to call his vendor in warranty,
although it was not improper to give him this judicial notice of the allegation of the freedom of a
slave which he had sold.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J.
*R. Mott*, for plaintiff.  *L. Hunton*, for defendant.  *J. W. Price*, for war-
rantor and appellant.

Ogden, J.  The plaintiff instituted this suit to recover from the defendant
the value of a negro hired by the defendant from the plaintiff, and taken to St.
Louis as a waiter on a steamboat commanded by the defendant—the negro
having absconded at St. Louis and never returned to his master, in New Or-
leans.  Among other defences set up, the defendant relied on a special plea
that the negro hired by him and who had escaped, was free, as the defendant
had discovered after hiring him.  The plaintiff then called in warranty *Charles
B. Church*, who sold the negro to *W. D. Dougherty*, from whom the plaintiff
purchased him with subrogation to *Dougherty's* rights of warranty against his
vendor, *Church.*  The warrantor excepted to the plaintiff's supplemental peti-
tion citing him in warranty, on the ground that the plaintiff had never been
evicted by the judgment of any court, and that no suit had been brought either
by the negro himself to recover his freedom, or by any one else to evict him,
and that plaintiff had no right in law to call him in warranty.  The exception
was overruled, and after a trial on the merits, a judgment was rendered in
favor of the defendant, discharging him from all responsibility for the negro's
escape, but condemning the warrantor to pay the plaintiff the price of the negro
with interest, from which judgment the warrantor has appealed.

We think the court below erred in overruling the warrantor's exception.  It
is the defendant only who when sued, in eviction is permitted to cite his vendor
in warranty.  The Article 2495, C. C., authorises a plaintiff to notify his ven-
dor, when he is obliged to commence judicial proceedings against one disturb-
ing him in his possession, of the action which he is commencing.  But in an
action like this, to which neither the negro himself is a party, nor any one else
asserting a title adverse to the plaintiff, the Article 2495 of the Code is not
applicable, and there is no rule of practice which would authorise the plaintiff
to proceed against his warrantor, except by a direct action in which he assumes
the burthen of proving that the negro was free when he purchased him, as a
ground of annulling the sale and recovering back the price.  Although we are of
opinion that the right of call in warranty does not extend to this case, yet we
must at the same time remark, that we do not disapprove the practice of giv-
ing a judicial notice in this mode.  When a person is thus called, he has an
oportunity given him to participate in the proceedings, with the right to decline
the call, if he thinks proper.  The waiver of petition and citation would at
least stand as a permanent and authentic record of the notification, and it seems
equitable to allow the party making the call this privilege.

It is therefore ordered and adjudged, that the judgment of the court below,

LUSK
*v.*
SWON.

appealed from, which condemns the warrantor, be avoided and reversed, and that the suit as regards him be dismissed at the costs of the plaintiff in both courts.