Statement of the Case.
MONROE, J.
J. W. Foote, liquidating commissioner of the Pecot Sugar Factory Company, Limited, brought a petitory action in the district court for the parish of St. Mary against the widow and heirs of John N. Pharr, deceased, for the recovery of certain interests in, coupled with a demand for certain rents and revenues and the partition of, two plantations situated in said parish, which interests he alleged had been acquired by said company from Abraham Ermann and Leon Cahn, residents of the parish of Orleans, and of which he alleged that the parties named as defendants were in possession. To this action the widow and heirs of Pharr answered, setting up title to the property claimed, and praying that the demands of the plaintiff be rejected. Thereupon the plaintiff filed several supplemental petitions, alleging, in substance, that Abraham Ermann (succeeded by his widow and universal legatee, Pauline Ermann) and Leon Cahn were the warrantors of the Pecot Company, and were liable for the value of the property claimed in the event of his (plaintiff’s) failure to recover it from the original defendants, and for the value of certain timber said to have been removed by the defendants or their author, and praying that said Mrs. Ermann and Leon Cahn, residents of the parish of Orleans, be cited as warrantors, and condemned accordingly; to which demand the parties named, by way of exception, pleaded that the court was without jurisdiction ratione persona?, and, the exception having been overruled, they make the application now under consideration for writs of certiorari and prohibition. To the rule nisi issued upon the application so made the judge a quo returns that the property in controversy lies within the jurisdiction of the district court for the parish of St. Mary, and that, whilst it is true that the relators reside in the parish of Orleans, and that the general rule is that a person must be sued before the court of his domicile, an exception to this rule .is provided whereby a person called in warranty may be sued before the court having cognizance of the principal action in which the demand in warranty arises, and that this exception is applicable as well where the call in warranty is made by the plaintiff as where it is made by the defendant in the principal action.
*32 ■Opinion.
Article 162 of the Code of Practice provides that:
“It is a general rule in civil matters that one must be sued before * * * the judge having jurisdiction over the place where he has his domicile, * * * but this rule is subject to those exceptions expressly provided by law.”
Exceptions are expressly provided by the articles 163 and 164, which follow, and article 165 provides that:
“There are other exceptions to this rule which requires that the defendant be sued before the judge having- jurisdiction over the place of domicile or residence; they are here enumerated.”
Then follow nine enumerated exceptions, among which is the following, to wit:
“4. In matters relative to warranty, they must be carried before the court having cognizance of the principal action in which demands in warranty arise.”
In order to understand and apply this exception, however, it is necessary to inquire at whose instance a demand in warranty may arise, since it cannot be said to arise of itself, and there are provisions of law by which the matter is regulated. Turning, then, to the title “Of Demands in Warranty,” we find the following:
“Art. 378. The obligation which one contracts to defend another in some action which maybe instituted against him is termed warranty. ■H v
“Art. 379. Warranty may be of two kinds, real or personal. Real warranty is that which arises in real or hypothecary actions, as when a purchaser is sued in eviction of an immovable property which has been sold to him * * *
“Art. 380. When one is sued in eviction of ■ an immovable property sold to him * * * he shall be entitled to a delay in order to have his warrantor . made a party to the suit.
And there are other articles, under the same title, all in harmony with the definition contained in article 378, to the effect that warranty is “the obligation which one contracts to defend another in some action which may be instituted against him.” In the case at bar, no suit having been instituted against the commissioner of the Pecot Company, the condition precedent to the exercise of his right to make a demand in warranty does not exist, and hence, so far as the relators are concerned, no such demand can be said to have arisen.
The learned judge a quo says:
“In the instant case, when the plaintiff instituted his suit he asked for a partition of the property. The defendants, in their answer, claimed the whole property, and set up title acquired from a third party. Then the plaintiff, by supplemental petition, prays to have his vendors called in warranty, in order that the vendors might defend against the title set up in response to his action. His case, I think, is .covered by article 2519 of the Civil Code.”
The article thus mentioned reads as follows:
“Art. 2519. When the purchaser, himself, is obliged to commence judicial proceedings against a person disturbing his possession, he ought to notify his vendor of the 'action which he is commencing, and the vendor, whether he undertake to conduct the suit for him or not, is obliged to indemnify him fully in case of condemnation.”
In .the case at bar the purchaser did not commence judicial proceedings against any one disturbing his possession. On the contrary, ne brings a petitory action, alleging, as ne must for the purposes of such an action, that the defendants whom he sues are in possession. But -if it were otherwise, he is given no right to compel his vendor to come to his aid, and the article quoted serves to accentuate the difference between cases in which the vendee is sued and those in which he brings suit, since in the former he may compel his vendor to come into court, whereas in the latter, although the obligation of the vendor on the warranty may be fixed by the notice, and enforced in a subsequent action before the court of his domicile, he cannot be compelled to take charge of the suit or to respond therein to the plaintiff’s demands. This matter was considered in the case of Lusk v. Swon, 9 La. Ann. 367, in *33 which it appears that the plaintiff had hired to the defendant a supposed slave, who absconded; that the plaintiff sued for his value ; and that the defendant set up that the supposed slave was a free man; whereupon the plaintiff called in warranty his vendor, who excepted on the ground that the plaintiff had neither been evicted nor sued. The court a qua sustained the defense, and, overruling the exception, condemned the warrant- or. This court on the appeal said:
“We think the court below erred in overruling the warrantor’s exception. It is the defendant only who, when sued in eviction, is permitted to cite his vendor in warranty. The article 2495 (2519), Civ. Code, authorizes a plaintiff to notify his vendor when he is obliged to commence judicial proceedings against one disturbing him in his possession of the action which he is commencing. * * * Although we are of opinion that the right of call in warranty does not extend to this case, yet we must at the same time remark that we do not disapprove of giving a judicial notice in this mode. When a person is thus called he has an opportunity given him to participate in the proceedings, with the right to decline the call if he thinks proper.”
In the case of Parrott et al. v. Edwards et al., 19 La. 366, to which we are referred, whilst the plaintiff, who brought an action for trespass, made his vendor a party to the suit, and the latter in turn called his vendor in warranty, there appears to have been no objection made to that form of proceeding, the question here presented was not, therefore, an issue in the case.
For the reasons thus assigned, we are of opinion that the plaintiff in the suit entitled “J. W. Foote, Commissioner, etc., v. Mrs. H. S. Pharr et al.,” No. 11,302 of the docket of the Twenty-Third District court, is without right to call the relators in warranty, and that said court is without jurisdiction of the persons of the relators for the purposes of said case.-
It is therefore ordered, adjudged, and decreed that a writ of prohibition issue as prayed for, that the respondent judge be prohibited from further proceeding against the relators in the matter of said call in warranty, and that such proceedings as have been had against them thereunder be set aside and annulled; the costs of these proceedings to be paid by said commissioner.