(56 South. 257.)

No. 18,887.

CITY OF LAFAYETTE v. WELLS FARGO & CO. EXPRESS.

In re WELLS FARGO & CO. EXPRESS.

(July 18, 1911. Rehearing Denied Aug. 19, 1911.)

*(Syllabus by the Court.)*

1. CARRIERS (§ 130*)—CARRIAGE OF GOODS—ACTION FOR DAMAGES—VENUE—DOMICILE.

"In all cases where any corporation shall commit trespass, or do anything for which an action for damages lies, it shall be liable to be sued in the parish where such damage is done or trespass committed." Code of Practice, art. 165, subd. 9.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 130.*]

2. CARRIERS (§ 130*)—CARRIAGE OF GOODS—ACTION FOR DAMAGES—VENUE.

The above law has been amended to cover passive violations of contracts by public carriers. Act No. 44 of 1910.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 130.*]

3. CARRIERS (§ 130*)—CARRIAGE OF GOODS—ACTION FOR DAMAGES—VENUE.

And further amended so as to give the right to sue at the place of delivery. Act No. 93 of 1888.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 130.*]

4. PROHIBITION (§ 10*)—GROUNDS—WANT OF JURISDICTION—DETERMINATION.

"The Supreme Court can only exercise its jurisdiction in so far as it shall have knowledge of the matters argued or contested below." Code of Practice, art. 895.

[Ed. Note.—For other cases, see Prohibition, Dec. Dig. § 10.*]

Action by the City of Lafayette against the Wells Fargo & Co. Express. Application by the defendant for writ of certiorari and for prohibition. Denied.

Hunter C. Leake and Johnston Armstrong, for relator. J. J. Fournet and Geo. P. Lessley, for respondent.

SOMMERVILLE, J. Plaintiff sues defendant, a common carrier, for damages ex contractu, because of negligent and careless handling of a certain piece of machinery belonging to plaintiff, and shipped by it to New Orleans to be repaired, resulting in injury to said piece of machinery, and consequent loss to plaintiff.

The domicile of defendant is in New Orleans, plaintiff alleges, and defendant excepts to the jurisdiction of the Eighteenth judicial district court for the parishes of Lafayette and Arcadia. This exception was overruled, and defendant submits the ruling for our supervision; asking that a writ of prohibition issue to prevent the respondent judge assuming further jurisdiction in the cause.

The exception of defendant is as follows:

"That Wells Fargo & Co. Express, has its legal domicile in the city of New Orleans, as alleged in plaintiff's petition, and, as such, all suits brought against said corporation in the state of Louisiana, except those which are specially provided by the statutes of the state of Louisiana, must be brought at exceptor's legal domicile in the city of New Orleans.

"Exceptor shows that the cause of action set forth in plaintiff's petition is for the nonfulfillment of a contract, and is not a suit of the nature authorized by the statutes and laws of Louisiana to be brought at any place in the state of Louisiana except at the legal domicile of exceptor, and that this court is without jurisdiction to hear or try the cause of action alleged in plaintiff's petition."

[1] The well-established rule is that performance of the contract of carriage is indivisible, and our law gives to shippers the privilege to sue the corporation for an active violation thereof in the parish where the damage is done or trespass is committed.

Code of Practice, art. 165, subd. 9. [2] This provision is amended by Act No. 44 of 1910, so as to embrace passive violations also. This right is in addition to the right to sue the corporation at its domicile. [3] Because of the nature of this contract of carriage, the Legislature, by Act No. 93 of 1888, extended the right of bringing suits against public carriers for damages to the place of delivery. So that plaintiff has the choice of three forums in which to sue: In the parish where the property was damaged; at the domicile of defendant; or at the place of delivery of the machinery.

[4] Plaintiff, in its petition, does not allege where the damage was wrought by the defendants to the piece of machinery, and until that allegation is made it is impossible to say whether the Eighteenth judicial district court has, or has not, jurisdiction. This question as to where the injury occurred was not submitted to or passed upon by the trial court. It may be that the machinery was damaged in Lafayette parish. "The Supreme Court can only exercise its jurisdiction in so far as it shall have knowledge of the matters argued or contested below." Code of Practice, art. 895. The question of the right to sue defendant in a parish other than that of its domicile was the only one covered by the exception submitted to the trial court.

Until it is alleged, or shown, that the Eighteenth judicial district court has not jurisdiction of the cause, a writ of prohibition will not be issued to that court. It may well be that plaintiff cannot say, or prove, that the piece of machinery was damaged at any special point on the route; in which event, it will have to sue defendant at its domicile, or at the place of delivery of said machinery.

The order heretofore issued herein is recalled and revoked, and the application for writs of review and prohibition is denied at the cost of the applicant.