O’NIELL, Chief Justice.
 

 This is a suit against a foreign corporation, authorized to do business in Louisiana and doing business in this state. The corporation is domiciled in Ohio. The suit is for $3,100 alleged to be the value of certain real estate sold by the defendant to the plaintiff but not delivered for want of a valid title. The suit was brought in Concordia Parish, where the land is situated. The defendant excepted to the jurisdiction of the court, ratione persona;. The exception was maintained and the suit dismissed. The plaintiff is appealing from the decision.
 

 The question of jurisdiction has reference not to the matter of jurisdiction of the courts of Louisiana over the foreign corporation, but to the matter of venue, or of the parish in which the district court has original jurisdiction to hear the case.
 

 The defendant has no agent for service of citation in Concordia Parish. The Secretary of State is the agent for service of citation in a suit brought against the corporation in a Louisiana court. The defendant contends therefore that the only court that has original jurisdiction of this suit is the district court in the Parish of East Baton Rouge, that being the parish in which the Secretary of State has his official domicile. The plaintiff, on the other hand, contends that the district court in Concordia Parish has original jurisdiction of the suit because the cause of action arose in that parish; that is to say, because the land, of which the defendant is alleged to have warranted the title, is situated in Concordia Parish, and because the suit in which
 
 *172
 
 the present plaintiff lost title for the land was heard and decided in Concordia Parish.
 

 Sometime before this suit was filed the plaintiff discovered that he did not have possession of 12.4 acres forming part of a larger tract of land which the Union Central Life Insurance Company had sold to him on December 12, 1934. The plaintiff therefore brought a petitory action in the district court in Concordia Parish against the parties in possession of the 12.4 acres of land. The defendants in that suit answered by claiming title to the land; whereupon the plaintiff called the Union Central Life Insurance Company in warranty to defend his title, and had a' copy of the citation and the pleadings, together with the call in warranty, served upon the Secretary of State as agent for service of process on the foreign corporation. The corporation excepted to the jurisdiction of the district court in Concordia Parish on the ground that, according to articles 2517 and 2519 of the Civil Code, it is only in cases where a purchaser of land under a warranty deed is the defendant in a suit to evict him, — not when he is plaintiff in a petitory action, — that he may call his vendor in warranty and demand that he defend the title as a party to the suit.
 

 The district judge maintained the exception and dismissed the Union Central Life Insurance Company from the call in warranty. The petitory action between the original parties resulted in a judgment for the defendants, recognizing them to be the owners of the 12.4 acres of land. The plaintiff then brought this suit to compel the Union Central Life Insurance Company to indemnify him for the loss of the 12.4 acres of land, with the buildings thereon, alleged to be worth $3,100.
 

 The judge in this case rested' his decision upon the ruling in Foote v. Pharr, 115 La. 35, 38 So. 885. In that case, Foote, as liquidating commissioner of the Pecot Sugar Factory Company, Ltd., brought a petitory action in the district court in St. Mary Parish against the widow and heirs of John N. Pharr, for a certain interest in two plantations, which interest the corporation had bought from Ermann and Cahn. The plantations were in St. Mary Parish. The defendants, widow and heirs of Pharr, answered by claiming full ownership of the two plantations; whereupon the plaintiff, Foote, as liquidating commissioner, called Ermann and Cahn in warranty to defend the title to the plantations for the Pecot Sugar Factory Company, Ltd. Ermann and Cahn being residents of New Orleans, excepted to the jurisdiction of the court to call them in warranty. The exception was founded upon the fact that Foote, as liquidating commissioner, was not defending a suit brought against the Pecot Sugar Factory Company, Ltd., but, as representative of the company, was the plaintiff in a petitory action. For that reason the exception filed by Ermann and Cahn might as well have been called an exception of no right of action to call them in warranty.
 

 
 *174
 
 So it was in the petitory action brought by the plaintiff against the possessors of the 12.4 acres of land. The reason for which the court maintained the exception filed by the Union Central Life Insurance •Company, to the call in warranty in that suit, was that the plaintiff, who called the life insurance company in warranty, was the plaintiff in a petitory action. That reason would not have been applicable if the plaintiff, who called the life insurance, .company in warranty, had been the defendant in a suit to evict him from the 12.4 acres of land. The facts of the case subjected it to the doctrine of the case of Foote v. Pharr, and to the ruling in that case.
 

 But the present suit against the Union Central Life Insurance Company as warrantor is founded upon the fact that a final judgment has been rendered against the plaintiff declaring that he has no title to the 12.4 acres of land which the defendant sold to him, and of which the defendant is alleged to have warranted the title. The case is governed by articles 2475 and 2519 of the Civil Code, under the title dealing with the subject of contracts of sale. Article 2475 provides:
 

 “The seller is bound to two principal obligations, that of delivering and that of warranting the thing which he sells.”
 

 Article 2517, which is not applicable, provides :
 

 “The purchaser threatened with eviction, who wishes to preserve his right of warranty against his vendor, should notify the latter in time of the interference which he has experienced.
 

 “This notification is usually given by calling in the vendor to defend the action which has been instituted against the purchaser.”
 

 Article 2519 provides:
 

 “When the purchaser is himself obliged to commence judicial proceedings against a person disturbing his possession, he ought to notify his vendor of the action which he is commencing; and the vendor, whether he undertake to conduct the suit for him or not, is obliged to indemnify him fully in case of condemnation.”
 

 The plaintiff in this case relies upon paragraphs 4 and 9 of article 165 of the Code of Practice, which paragraphs name two of the exceptions to the rule that civil actions must be brought at the domicile of the defendant.
 

 The 4th paragraph provides:
 

 “In matters relative to warranty, they must be carried before the court having cognizance of the principal action in which demands in warranty arise.”
 

 The 9th paragraph provides:
 

 “In all cases where any person, firm, or domestic or foreign corporation shall commit trespass, or do anything for which an action for damage lies or where any domestic or foreign corporation shall fail to do anything for which an action for damage lies, such person, firm or corporation
 
 *176
 
 may be sued in the parish where such damage is done or trespass committed or at the domicile of such person, firm or corporation.”
 

 We find it ttnnecessary to decide the question whether the 4th paragraph of article 165 of the Code of Practice confers upon the district court in Concordia Parish jurisdiction over this case. Our reason for this is that we have concluded that paragraph 9 of that article of the Code of Practice confers jurisdiction upon the district court in Concordia Parish to hear the case. The suit is against a corporation and is, in reality, an action for damages for the failure of the corporation to fulfil its obligation to deliver the 12.4 acres of land situated in the Parish of Concordia. The suit therefore is within that provision of the 9th paragraph of article 165 of the Code of Practice which declares that where any corporation shall fail to do anything for which failure an action for damages lies the corporation may be sued either in the parish where the damage is done or at the domicile of the corporation. Article 2486 of the Civil Code, under the title of Sales, characterizes as damages a loss occasioned by the nondelivery of the property at the time agreed upon. By the same token a suit for the loss occasioned by the failure of the seller to deliver the property at all to the buyer must be considered as a suit for damages, — the value of the property being merely the measure of the damages suffered for the breach of the contract of sale. This article of the Code perhaps refers particularly to a sale of movable property, but has been held to be applicable also to a sale of immovable property. Franton v. Rusca, 187 La. 578, 175 So. 66; Derbonne v. Burton, La.App., 189 So. 473.
 

 It has been decided also that the 9th paragraph of article 165 of the Code of Practice, with reference to a suit against a corporation, is applicable as well to a suit for damages arising ex contractu as to a suit for damages arising ex delicto. City of Lafayette v. Wells Fargo & Co., 129 La. 323, 56 So. 257; O’Brien v. Delta Air Corporation, 188 La. 911, 178 So. 489. The present suit is in its nature a suit for damages, and is against a corporation for a passive violation of a contract; that is, for the failure of the corporation to deliver to the plaintiff immovable property which the corporation sold and obligated itself to deliver to the plaintiff and which is situated in the Parish of Concordia. Accordingly, if the plaintiff’s allegations are true, whatever damage was done by the failure of the defendant to deliver. the property to the plaintiff was done in the Parish of Concordia. Hence, according to the 9th paragraph of article 165 of the Code of Practice, the defendant was subject to be sued either in that parish or in the Parish of East Baton Rouge, where the Secretary of State, being the agent of the defendant for service of citation, has his official domicile.
 

 
 *178
 
 It is true that in the case of Foote v. Pharr, 115 La. at page 38, 38 So. at pages 886, 887, the author of the opinion used an expression which indicated that a suit of this kind might be brought only at the domicile of the defendant; but so far as the expression indicated that a suit of this character might be brought only at the domicile of the defendant, the expression was not at all necessary for the decision and was therefore mere obiter dictum. Besides, there are two reasons why the expression in that respect is not applicable to the present case. The first of these reasons is that the warrantor in whose favor the ruling was made in the case cited was not a corporation but a partnership. The second reason is that the court in its opinion made no reference whatever to the 9th paragraph of article 165 of the Code of Practice. In deciding, in the case of Foote v. Pharr, that the call in warranty could not prevail because the party making the call in warranty was the
 
 plaintiff
 
 in a petitory action, the author of the opinion stated:
 

 “But if it were otherwise, he is given no right to compel his vendor to come to his aid, and the article quoted [art. 2519] serves to accentuate the difference between cases in which the vendee is sued and those in which he brings suit, since in the former he may compel his vendor to come into court, whereas in the latter, although the obligation of the vendor on the warranty may be fixed by the notice, and enforced in a subsequent action
 
 before the court of his domicile,
 
 he cannot be compelled to take charge of the suit or to respond therein to the plaintiff’s demands.” [Italics ours.]
 

 The judgment appealed from is annulled, the defendant’s exception to the jurisdiction of the court is overruled and the case is ordered remanded to the district court for further proceedings. The costs incurred in the trial of the exception to the jurisdiction, including the costs of this appeal, are to be borne by the defendants; fill other costs are to abide the final disposition of the case.