HARDY, Judge.
The plaintiff, Pierre Armand, a resident of Avoyelles Parish, Louisiana, brought this suit against Mrs. Jerome O. Bordelon, a resident of Orleans Parish, seeking to recover the sum of ' $400.31. Plaintiff’s petition alleged that he 'was the lessee of certain farm property, owned by defendant, in Avoyelles Parish under a verbal contract of lease; that pursuant to an agreement with defendant plaintiff made certain improvements on the leased premises, relying upon an agreement by which defendant obligated herself either to reimburse plaintiff for the cost of said improvements or make a deduction on the selling price of the property in the event plaintiff should become the purchaser thereof. Plaintiff further alleged that defendant 'had assured him on numerous occasions that he would be given the refusal of the purchase of the property in the event defendant should decide to sell.
The petition further declares that despite the agreements between plaintiff and defendant above outlined, and in violation thereof defendant sold the property in question to a third party without notice to plaintiff and without protecting him to the extent of the value of the improvements which Re had madg or caused to be made. The plaintiff alleges that he was evicted from the property by the purchaser without permission to remove the improvements, as a consequence whereof he has been damaged to the extent of the cost of said improvements in the total sum of $400.31 here sought to be recovered.
Defendant interposed an exception to the jurisdiction ratione personae, which exception was sustained by the Judge of the Twelfth Judicial District Court in and for Avoyelles Parish. Judgment was rendered dismissing plaintiff’s suit, from which plaintiff has appealed.
On behalf of plaintiff it is contended that Article 165(9) of the'Code of Practice is controlling of the issue of jurisdiction here presented and that plaintiff is entitled, to' maintain his suit in Avoyelles Parish by-reason of the fact that defendant’s tortious, cohduct falls under the general definition-, of trespass.
There can be ho question on the point that a determination of this proposition is controlled by Article 165(9) of the Code of Practice which reads as follows: “In all cases where any person, firm or domestic : or . foreign: corporation shall commit trespass, 'or do anything for-which an. action for damage lies or where any domestic or foreign corporation shall fail to do anything for which an action for damages lies, such person, firm'or corporation may be sued in the parish, where such damage is done or trespass committed or 'at the ■domicile of such person, firm or corporation.”
Learned counsel for plaintiff relies upon the case of Du Bell v. Union Central Life Insurance Co., 211 La. 167, 29 So.2d 709. While the cited case is sound authority in support of plaintiff’s contention that the ninth paragraph qf Article 165 of the Code of Practice is applicable to a suit for damages arising ex contractu, as well as one arising ex delicto, there is .-no further, analogy to be observed inasmuch as that case involved a corporate defendant.
We consider that the judgment of the Supreme Court in Tripani v. Meraux, 184 La. 66, 165 So. 453, definitely- determines the issue here ■ presented. ■ In ■ the Tripani case the opinion discusses at length the provisions of Paragraph 9 of Article 165 of the Code of Practice and points out that the matter of jurisdiction of a person is to be -resolved on the basis of. a finding as to whether the alleged acts giving -rise to the action for damages were acts of commission o'r' omission. If the person from whom recovery of damages is claimed has been allegedly guilty of committing the acts which are the basis for the suit, clearly the article -confers jurisdiction. Conversely, if the alleged acts are merely those of omission, then the person responsible can be sued only at his domicile.
Examination of plaintiff’s petition in the instant cáse clearly discloses the fact that *170 the allegedly tortious acts of the defendant lay in her failure, to do, that is, in her omission to fulfill her obligations to plaintiff. It is not the act of commission by defendant in executing a deed to a third party and the consequent giving of possession to the detriment and damage of plaintiff, upon which the plaintiff relies, but rather, in the words of the petition: “ * * * ' defendant did not malee (in the act of sale) any reservation or exceptions from the sale, nor did she in any way protect petitioner as her tenant or for the improvements and outlays which he had expended upon her property * *
It is obvious under the plain and unambiguous construction of the above quoted words that plaintiff’s damages, if any, resulted from defendant’s failure to do. It necessarily follows that paragraph 9 of Article 165 of the Code of Practice does not confer jurisdiction ratione personae upon the District Court in and for Avoyelles Parish.
Alternatively learned counsel for plaintiff urges that defendant was engaged was engaged in a commercial venture, that is, the leasing of real estate for profit, in Avoyelles Parish and is subject to the jurisdiction of the District Court of said Parish under the provisions of Paragraph 12 of Section 1 of Act No. 179 of 1918 LSA-RS 13:3236, which reads as follows: “Any person engaged in commercial business may be sued and served in all matters connected with said business in the parish where the business is carried on, even though he may have his legal domicile elsewhere, or at his legal domicile, as desired by the party controlling the suit or process * *
Counsel cites no authority in support of the contention that the isolated rental of a farm constitutes a commercial business nor have we been able to find any such authority. On the contrary, our appreciation of the generally accepted meaning of “commercial” is adequately defined in 15 C.J.S., page 576, verbo “Commercial” : “Merchantile, of the nature of commerce, or pertaining or relating to commerce or trade, hence, variously, occupied with commerce, and engaged in trade.”
Similarly in Volume 7, Words and ‘Phrases, page 802, verbo “Commercial Enterprise”, we find that a farmer owning and renting farm land and owning and renting farm machinery has been held not to be engaged in a “commercial enterprise”, citing Partridge v. Blackbird, 213 Minn. 228, 6 N.W.2d 250.
For the reasons assigned the judgment from which appealed is affirmed .at appellant’s cost.