CULPEPPER, Judge.
Plaintiff filed this suit in the Parish of Evangeline seeking judgment against defendant for the sum of $4,000 alleged to be due under the terms of a contract entered into between the parties litigant on January 18, 1941. By supplemental petition plaintiff also prays for an additional $1,000 as attorney’s fees.
The defendant first filed an exception to the jurisdiction ratione persona which was overruled. The case was then tried on the merits under a stipulation of facts and judgment was rendered for plaintiff as prayed for. From this judgment defendant has appealed.
We shall consider first the exception to the jurisdiction ratione persona. Under the allegations of the petition, the defendant, Continental Oil Company, is a Delaware Corporation authorized to do business in Louisiana, having appointed agents for service of process in East Baton Rouge Parish where its Louisiana domicile is established. The general rule as to venue is set forth in Code of Practice, Article 162 which provides that in civil matters the defendant must be sued at his domicile unless the case falls within one of the specific exceptions to this rule as provided by law. It is the contention of the plaintiff that this case falls within the exception set forth in Code of Practice, Article 165, sub-paragraph 9 which reads as follows:
“Trespass. In all cases where any person, firm or domestic or foreign corporation shall commit trespass, or do anything for which an action for damage lies or where any domestic or foreign corporation shall fail to do anything for which an action for damage lies, such person, firm or corporation may be sued in the parish where such damage is done or trespass committed or at the domicile of such person, firm or corporation.”
To give proper consideration to the exception to the jurisdiction, it is necessary to examine the facts of this case in order to determine whether it comes within the above quoted exception to the general rule that a defendant must be sued at his domicile, which in the case of this foreign corporation is East Baton Rouge Parish. The record shows that on January 18, 1941, plaintiff and defendant entered into a written contract in which it is set forth that Continental Oil Company is the owner of mineral leases covering land situated in the Ville Platte Oilfield in Evangeline Parish and desires to form drilling units therein. The plaintiff, Steckler, is the owner of certain mineral and royalty interests in a portion of the land which Continental decided to unitize and in' the contract Steckler agreed that “ * * * upon presentation to him by Continental of unitization agreements * * * he will execute such uniti-zation agreements as an interested and subscribing party.” The contract further provided that “For and in consideration of Steckler’s assistance to, and cooperation' with Continental, the use of his good offices in procuring the execution of the unitization agreements, mentioned in Article II above,' by all parties who shall own an interest in the lands affected thereby, and in consideration of the execution of such unitization agreements by Steckler, Continental agrees to pay him as followsThe contract then' *76 provided that Steckler would receive a consideration of $1,000 cash for each of the units described.
The defendant never did present to the plaintiff any of the said unitization agreements for signature or for plaintiff’s assistance in securing the signatures of other interested parties but instead, in June of 19S8, 17 years after the date of the contract, defendant applied for and obtained from the Commissioner of Conservation of the State of Louisiana an order forming 4 of the units allegedly contemplated by the said contract. After these four drilling units were created by the Commissioner of Conservation it was of course unnecessary for unitization agreements to be submitted to plaintiff for his signature, or for his assistance in connection with them.
The theory of plaintiff’s case on the merits is that he at all times stood ready and willing to sign the unitization agreements and to assist and cooperate with Continental in the procuration thereof but that Continental obtained the unitization order, without notice to him, thereby preventing him from performing the contract. Plaintiff contends that under LSA-Civil Code, Article 2040, which provides that when one of the parties to a contract prevents the fulfillment thereof by the other, the contract will be considered as fulfilled, the court must treat the contract as if Steckler had fulfilled his obligation thereunder and consequently the defendant is now obligated to pay plaintiff the sum of $4,000.
It is the contention of the plaintiff that under the above facts this suit comes within the exception of paragraph 9 of Article 165 of the Code of Practice quoted above which provides that where a corporation shall do or fail to do anything for which an action for damage lies the corporation may be sued “ * * * in the parish where such damage is done or trespass committed * * As counsel for the plaintiff has pointed out, the jurisprudence is well settled that Code of Practice, Article 165, paragraph 9 is applicable to suits for damages ex contractu as well as ex delicto. See O’Brien v. Delta Air Corporation, 188 La. 911, 178 So. 489 and the cases cited therein. In his brief, plaintiff calls to our attention two cases involving damages for breach of contract where the court found that Code of Practice, Article 165, paragraph 9 was applicable. The first case cited by plaintiff is O’Brien v. Delta Air Corporation, supra, where the plaintiff purchased for her son a round trip ticket from Los Angeles, California to Shreveport, Louisiana, and return, on one of the defendant’s regular passenger planes. At the time when plaintiff’s son was scheduled to leave Shreveport, the defendant’s agent there refused to honor the ticket and refused to let plaintiff’s son board the plane. The court found that the contract was breached and the damages sustained in Shreveport, Louisiana, where the defendant corporation could be sued.
The second case cited by the plaintiff is Du Bell v. Union Central Insurance Company, 211 La. 167, 29 So.2d 709 in which the defendant had sold to the plaintiff a tract of land situated in Concordia Parish. Subsequent to this sale, a judgment was rendered against the plaintiff in other proceedings declaring that he had no title to the property. Plaintiff then sued the defendant corporation on its warranty of title for the sum of $3,100 which was alleged to be the value of the land. The court held that whatever damage was done by the failure of the defendant to deliver to the plaintiff a valid title was done in the Parish of Concordia, where the property was located, and that therefore, under the provisions of Code of Practice, Article 165, paragraph 9, the defendant could be sued either in the Parish of Concordia where the property was located or in the Parish of East Baton Rouge, which was the domicile of the defendant.
The two cases cited by plaintiff, O’Brien v. Delta Air Corporation, supra, and Du Bell v. Union Central Insurance Company, supra, are readily distinguished *77 from the instant case on the facts. In the O’Brien case it is apparent that both the breach of contract and the damages resulting therefrom occurred in the Parish of Caddo, where defendant’s agent refused to honor the ticket. In the Du Bell case, whatever damages were suffered by the plaintiff, by reason of defendant’s failure to deliver a valid title to the property in question, were sustained in the Parish of Concordia where the realty was located. In the instant case, should plaintiff take the position that defendant may be sued where it breached the contract, the breach actually occurred in the Parish of East Baton Rouge where defendant obtained the unitization order from the Commissioner of Conservation. As to damages, the only damage plaintiff suffered was his failure to receive the sum of $4,000. In the cases which will be discussed hereinafter, this is not “damages” as contemplated by paragraph 9 of Code of Practice, Article 165.
In support of its exception to the jurisdiction the defendant first cites the case of Weber v. H. G. Hill Stores, 207 La. 500, 21 So.2d 510, 511, which was a suit for declaratory judgment interpreting a lease covering property in East Baton Rouge Parish and also for the recovery of certain accrued rentals which were alleged to have been arbitrarily withheld by defendant, a corporation domiciled in New Orleans. The court found paragraph 9 of Code of Practice, Article 165 inapplicable and held as follows:
“From a mere reading of this provision of the Code of Practice, it is apparent that it is not applicable to a suit to recover money due under a contract of lease. The cases of Tripani v. Meraux, 184 La. 66, 165 So. 453, and O’Brien v. Delta Air Corporation, 188 La. 911, 178 So. 489, are not pertinent to a suit of this nature for the reason that they involve entirely different causes of action as well as different facts.”
The defendant also cites Interim Television Corporation v. Cappel et al., La.App. 2 Cir., 1957, 94 So.2d 539, 545 (writ of certiorari denied) in which Cappel, as the Shreveport agent of the defendant, Interstate Electric Company of New Orleans, entered into a contract with the plaintiff for 26 telecasts at a stipulated rate of $147.50 each. After 15 of the television programs were exhibited, the defendant, Interstate, terminated the contract on the grounds that their agent, Cappel, had exceeded his authority in the execution thereof. Plaintiff filed suit for payment, at the stipulated rate, for the telecasts which had not been exhibited. After a thorough analysis of the jurisprudence, the court found paragraph 9 of Code of Practice, Article 165, inapplicable and held as follows :
"We are of the opinion the Code of Practice, Article 165, subd. 9, is limited in its application to the enforcement of obligations to do or not to do and does not extend to an obligation to pay money under specific terms of a contract.
“The conclusion reached impels us to find that demands of the plaintiff against Interstate Electric Company of New Orleans is for the enforcement of an obligation to pay money and does not fall within the obligations to do or not to do, which we think are contemplated in Code of Practice, Article 165, subd. 9. The exception to the venue was properly maintained.”
It is apparent that the instant case is very similar to Interim Television Corporation v. Cappel et al., supra. In the present case, the plaintiff is suing for a sum of money allegedly due under the specific terms of a contract which plaintiff contends must be considered by the court as having been fulfilled by plaintiff, although not actually performed by him, because defendant by its actions has made it impossible for plaintiff to perform. In the Interim Television Corporation case, plaintiff sued for *78 a sum of money due under the specific terms of a contract where plaintiff contended that it had been excused from performing the contract by the improper termination thereof by defendant corporation. In both cases plaintiff simply seeks to recover money due under the specific terms of a contract. In our opinion, our brothers of the Second Circuit Court of Appeal were correct in holding, in Interim Television Corporation v. Cappel et al., that a suit for the enforcement of an obligation to pay a sum of money due under the specific terms of a contract is not a suit for damages as contemplated by paragraph 9 of Code of Practice, Article 165. This also was clearly the reasoning of our Supreme Court in Weber v. H. G. Hill Stores, supra. See also the very recent case of Smith v. Adger, La.App., 126 So.2d 377.
Before concluding, it is perhaps appropriate to mention that the judgment appealed from was rendered before January 1, 1961, on which date paragraph 9 of Code of Practice, Article 165 was superseded by the new LSA-Code of Civil Procedure, Article 74. We have therefore considered the correctness of the lower court’s ruling under Code of Practice, Article 165, paragraph 9 which was the law at the time. As is shown by the comment under LSA-C.C.P. art. 74, the difficulty of interpreting the source article, Code of Practice 165(9), led to the changes made in the law. The comment reads as follows:
“The source article was interpreted as applying to actions for damages ex contractu as well as those ex delicto. City of Lafayette v. Wells, Fargo & Co., 129 La. 323, 56 So. 257 (1911); O’Brien v. Delta Air Corporation, 188 La. 911, 178 So. 489 (1938); T. A. Du Bell v. Union Central Life Ins. Co., 211 La. 167, 29 So.2d 709 (1947). As this rule was considered very difficult to apply, the above article limits its application to damages resulting from offenses and quasi offenses.”
Having found that defendant’s exception to the jurisdiction ratione persona must be sustained, it is of course unnecessary that w,e review the judgment of the lower court on the merits.
For the reasons hereinabove set forth, the judgment of the lower court, overruling defendant’s exception to the jurisdiction ratione persona, is reversed and annulled and judgment is rendered herein sustaining defendant’s exception to the jurisdiction ratione persona of the Thirteenth Judicial District Court for the Parish of Evangeline and plaintiff’s suit is dismissed, as of non-suit, át his cost. All costs of this appeal are assessed against the plaintiff.
Reversed and rendered.
On Application for Rehearing.
En Banc. Rehearing denied.
FRUGÉ, J. recused.