SAVOY, Judge.
This is an action in tort filed by plaintiffs against Edward D. Durham, a resident of the State of Tennessee, and his insurer, Tennessee Farmers Mutual Insurance Company, a foreign corporation not authorized or licensed to do business in Louisiana.
Plaintiffs filed suit against the named defendants at plaintiffs’ domicile in Vermilion Parish, Louisiana.
The insurance company filed an Exception of Improper Venue which was sustained by the trial judge, and the suit was dismissed as of non-suit.
The vehicles driven by the plaintiff husband and defendant Durham were involved in an accident which occurred in the Parish of Terrebonne, Louisiana.
The question for our determination is whether or not the venue in Vermilion Parish was improper.
*562 Counsel for plaintiffs contends that he has the right to bring this action at the domicile of the plaintiffs in Vermilion Parish, Louisiana, under the provisions of LSA-R.S. 13:3201 — 13:3207, commonly called the “Long Arm” Statute.
Counsel for defendants contends that the provisions of LSA-R.S. 13:3201 et seq., do not apply to insurance companies, and that plaintiffs’ action against the insurance company can only be brought in the parish where the accident occurred (Terrebonne Parish) or in East Baton Rouge Parish, as provided in the Direct Action Statute (LSA-R.S. 22:655).
It is our opinion that defendant’s position is correct. The “Long Arm” Statute, LSA-R.S. 13:3201, provides in part:
“A court may exercise personal jurisdiction over a nonresident who acts directly or by agent, as to a cause of action arising from the nonresident’s * * * causing injury or damage by an offense or a quasi offense committed through an act or omission in this State." (Emphasis added.)
We feel this language contemplates that the nonresident against whom jurisdiction is sought be the one who is the actual tortfeasor, that is, the one “who acts causing injury or damage by an offense”. An insurer is not one “who acts”, but is only one who obligates himself to pay the damage caused by the acts of the insured. Our view is supported by comment (c) by the Louisiana Law Institute directly following Section 3201. This comment states, in essence, that Section 3201 was not intended to apply to insurers, largely because jurisdiction and venue are provided as to such companies by the Direct Action Statute.
Under the provisions of the Direct Action Statute (LSA-R.S. 22:655), plaintiffs could bring this action in Terrebonne Parish, Louisiana, where the accident occurred, or in East Baton Rouge Parish (LSA-C.C.P. Art. 42 referred to in LSA-R.S. 22:655). See also LSA-C.C.P. Art. 73.
We are of the opinion that the trial court correctly held that plaintiffs could not sue defendant, Tennessee Farmers Mutual Insurance Company, at plaintiffs’ domicile in Vermilion Parish, Louisiana.
For the reasons assigned the judgment of the district court is affirmed at appellants’ costs.
Affirmed.