SAMUEL, Judge.
Acting for themselves and on behalf of their minor daughter, plaintiffs filed this suit in the Civil District Court for the Parish of Orleans seeking a total of $63,700 for damages and personal injuries allegedly resulting from an accident involving two automobiles. The accident occurred in the Parish of Jefferson. The suit is against two defendants: (1) the driver of one of thé vehicles involved, who was domiciled in the Parish of St. Bernard; and (2) his liability insurer, a foreign insurance corporation.
The defendants filed the following exceptions to plaintiffs’ petition: (1) “That this Court is without jurisdiction of this cause ratione personae”; and (2) “That this court is without jurisdiction of this cause ratione materiae.” Following a hearing the trial court maintained the exceptions and dismissed the suit. Plaintiffs have appealed.
It is quite clear the trial court had both jurisdiction over the subject matter and jurisdiction over the person. The former is defined by LSA-C.C.P. Art. 2 as “* * * the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted.” Under 2 LSA-Const. Art. 7, §§ 35 and 81 the Civil District Court for the Parish of Orleans has exclusive original jurisdiction to hear and determine the class of action here involved. And as defined in pertinent part by LSA-C.C.P. Art. 6, the latter, jurisdiction over the person, is based on proper service of process concerning which no complaint is made; service was made on the corporate defendant through the Secretary of State and on the individual defendant by domiciliary service on his wife.
However, it is equally clear that the Parish of Orleans is not the proper venue. In pertinent part, under LSA-C.C.P. Art. 42 an action against: “(1) An individual who is domiciled in the state shall be brought in the parish of his domicile;” and “(7) A foreign or alien insurer shall be brought in the Parish of East Baton Rouge.” LSA-C.C.P. Art. 74 provides that an action for damages resulting from an offense or quasi offense “ * * * may be brought in the parish where the wrongful conduct occurred, or in the parish where the damages were sustained.” The only other possible proper venue is contained in 15A LSA-R.S. 22:655 which grants a right of direct action against a liability insurer and provides that such action may be brought, either against the insurer alone or against both the insured and the insurer, in the parish in which the accident or injury occurred or in the parish in which the action could be brought against either the insured or the insurer under the rules of venue prescribed by LSA-C.C.P. Art. 42. Thus, the only proper venue for this action was in the Parish of Jefferson, where the accident occurred, the Parish of St. Bernard, the domicile of the individual defendant, or the Parish of East Baton Rouge, where it could have been brought against the foreign insurer under LSA-C.C.P. Art. 42.
*356 The trial court treated the exceptions filed by the defendants as including an exception to the venue and dismissed the action solely on the ground that the Parish of Orleans was not the proper venue. In this court appellants contend this constitutes error because the objection to the venue was waived by the defendants’ failure to specifically plead that declinato-ry exception. We do not agree with the contention.
It is true that, as provided by LSA-C.C. P. Arts. 44, 925 and 928, any objection to the venue (other than the exceptions contained in Art. 44, not pertinent here) is waived by failure to timely plead the declin-atory exception of venue prior to answer or judgment by default and prior to an appearance being made. But it is also true that, as stated in LSA-C.C.P. Art. 865, “Every pleading shall be so construed as to do substantial justice.” and, accordingly, courts will look beyond mere headings and terminology on or in pleadings to determine the substance and the true nature thereof. See Mid-City Investment Co. v. Young, La.App., 238 So.2d 780.
In our former Codes of Practice of 1825 and 1870 the concept of jurisdiction was divided into “jurisdiction ratione materiae” and “jurisdiction ratione personae”. This was changed by our present Code of Civil Procedure which adopted the concepts of jurisdiction over the subject matter, jurisdiction over the person and venue. See LSA-C.C.P. Book I, Introduction, pg. 2. Under the prior concept, jurisdiction ra-tione personae included venue; and in the instant case it is quite clear the defendants were objecting to the venue by that exception. The memorandum which they filed in the trial court with and in support of the exception leaves no doubt it was directed at venue.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.