SAMUEL, Judge.
In this matter plaintiff’s petitions allege, in pertinent part: Sidney Palmer, a taxicab driver, called at plaintiff’s home to deliver an orthopedic walker which he had picked up at plaintiff’s request; plaintiff was injured as a result of a battery committed upon her by Palmer when a disagreement arose between them over the correct amount of the fare to be charged; and at the time of the battery Palmer was employed by Metry Cab Service Inc. and was acting within the course and scope of that employment, resulting in liability on the part of Metry under the doctrine of re-spondeat superior. The petitions name Palmer and Metry as defendants.
Metry filed an exception to plaintiff’s petitions. The exception, which is labelled “MISJOINDER OF PARTIES DEFENDANT” and seeks dismissal of the suit as to Metry, avers that Palmer was “the sole and only owner of the said taxicab ; that he is not now and was not at the time of the alleged incident complained of an employee of your exceptor, nor was he an agent therefor; that Metry Cab Service supplies under contract with a number of individual owners, operators and drivers of taxicabs only services such as radio dispatching, liability insurance for accidents and related services; that under no circumstances is the said Palmer an employee or agent of exceptor, and therefore the doctrine of Respondeat Superior relied upon by plaintiff is inapplicable, as will be shown on trial of this exception.”
When the exception was tried the court gave both Metry and the plaintiff an opportunity to offer evidence. Metry offered the testimony of two witnesses, its presi *741 dent' and its codefendant, Palmer, and those witnesses were cross examined by counsel for plaintiff. Plaintiff offered no evidence. At the conclusion of the trial the court rendered judgment dismissing plaintiff’s suit as to Metry. Plaintiff has appealed. In this court she contends: mis-joinder is an improper exception, Metry’s pleading should have been for a summary judgment (as the court apparently treated it), and therefore the judgment should be reversed.
In his reasons for judgment the trial .judge stated:
“The evidence produced on the trial of these exceptions show that the Metry Cab Service, Inc. is only a contractual service supplying radio and dispatching service for a group of independent cab drivers, and that it is in no way connected with the operation and control of the taxi cabs or the individuals who operate them. The actions complained of are solely those of the cab driver and cannot be imputed in any way to Metry Cab Service, Inc. It may be that as a matter of law some other form of pleadings would best fulfill the purposes sought to be obtained herein. However, the Court is of the opinion that the exception should be maintained because the law and the evidence are in favor of the defendant-exceptor, and that it should be dismissed from this suit.”
LSA-C.C.P. Art. 865 provides: “Every pleading shall be so construed as to do substantial justice.” Accordingly, courts look beyond mere headings and terminology used on or in pleadings to determine the circumstances and the true nature thereof.[1] Here the exception termed “MISJOINDER” should not be construed as a motion for summary judgment with the resulting judgment carrying with it all of the effect of a summary judgment under LSA-C.C.P. Art. 968. However, we are satisfied, as was the trial judge, that the full evidentiary and contradictory hearing on the issue of Metry’s liability conclusively establishes plaintiff cannot obtain a judgment against Metry for her personal injuries. We therefore see no reason why this matter should be remanded to the trial court with Metry then having the opportunity of moving for and obtaining a summary judgment in order to obtain dismissal of the suit against it, the same result reached by the judgment appealed from.[2]
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.
LEMMON, J., dissents with written reasons.

. See Surridge v. Benanti, La.App., 243 So.2d 354; (remanded on other grounds, 261 La. 282, 259 So.2d 324) ; Mid-City Investment Co. v. Young, La.App., 238 So.2d 780.

. In pertinent part LSA-C.C.P. Art. 2164 provides: “The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal.”