REDMANN, Judge.
Defendant appeals[1] from a judgment casting him for $204.48 as the balance due for his mother’s funeral.
Defendant had excepted that the New Orleans city court was “without jurisdiction over the person of the defendant” because defendant “is domiciled” in Jefferson parish (where he was in fact served with process).
The trial court treated the exception as one to its jurisdiction and overruled it. No doubt the court had jurisdiction over the person of defendant, because he was personally served; C.C.P. art. 6. The court also had jurisdiction over the subject matter; Const. art. 7 § 91. Still the trial court should have ignored defendant’s erroneous reference to “jurisdiction” and treated the exception as one to the venue based on C.C.P. art. 42 subd. (1); Surridge v. Benanti, 261 La. 282, 259 So.2d 324 (1972).
The issue presented is one of venue, and the exceptor was not permitted to introduce evidence of domicile.
Despite the fact (evidenced on the merits) that defendant signed the contract showing his address as in New Orleans (at the address also shown as his mother’s last residence) on a date less than a year prior to suit, perhaps defendant could have presented evidence proving that his contract-stated address was not then his domicile. If this were proven, C.C.P. art. 71’s exception to art. 42 would not apply. Although there was no proffer under C.C.P. art. 1636, counsel advises us that he was prepared to offer such proof as well as proof that defendant presently remains domiciled in Jefferson.
The judgment is set aside and the matter is remanded to allow defendant to present evidence on the exception to venue. Costs are to await final disposition.
Remanded.

. The author notes that defendant’s appeal bond was filed more than ten days after oral refusal of new trial before judgment was signed (as recorded in the trial transcript). However, the bond was filed on the tenth day after the delay for applying for a new trial would ordinarily have expired. The author’s personal view is that, assuming the oral refusal was a refusal within the meaning of C.C.P. art. 5002, the appeal bond is nevertheless timely and the possible problem of this court’s jurisdiction is resolved in favor of jurisdiction, because the two periods of art. 5002 are stated as simple alternatives (unlike those of art. 2087 which, grammatically if not logically, could be interpreted to make an appeal from a district court untimely under our circumstances).