PAUL A. BONIN, Judge.
|, Rickey Woods devolutively appeals the judgment rendered against him in favor of Arona Taylor Walker in the amount of $5,000. The amount is to compensate Ms. Walker for her movable property which Mr. Woods, her former fiancé, refused to return to her. Ms. Walker, for her part, moves to dismiss Mr. Wood’s appeal as untimely. She also requests additional damages from Mr. Woods for a frivolous appeal. Because we find Mr. Walker’s devolutive appeal to have been filed within the statutory delay provided for such appeals, we deny Ms. Walker’s motion to dismiss the appeal, and, because we find that the trial judge’s award of special damages was reasonable and was not an abuse of her discretion, we affirm the judgment. Finally, because we find that Ms. Walker did not answer Mr. Woods’ appeal, we determine that we are without jurisdiction to make an award of additional damages for frivolous appeal. We explain these three decisions in more detail in that same order in the following three parts.
_bi
After the record was lodged in our court Ms. Walker filed a pleading titled “Peremptory Exceptions of Prescription and No Right of Action.” Irrespective of the title, the pleading clearly seeks the dismissal of Mr. Woods’ devolutive appeal as untimely. See La. C.C.P. art. 2162. We treat this pleading as a motion to dismiss the appeal as untimely. See La. C.C.P. art. 865 (“Every pleading shall be so construed as to do substantial justice.”). In Griffith v. Metry Cab Service, Inc., 266 So.2d 739, 741 (La.App. 4th Cir.1972), we stated in construing Article 865: “[Cjourts look beyond mere heading and terminology used on or in pleadings to determine the circumstances and the true nature *260 thereof.” Appellate courts, too, construe pleadings liberally to do substantial justice. See McClelland v. State Nat. Life Ins., 94-2123(La.11/18/94), 646 So.2d 309.
On June 17, 2009, at the conclusion of the trial on the merits, the trial judge pronounced her decision to award Ms. Walker $5,000. See La. C.C.P. art. 1637. The trial court, however, did not sign the judgment until July 1, 2009. On August 20, 2009, Mr. Walker filed his motion for appeal. Ms. Walker argues that Mr. Woods had “sixty days” from the June 17th oral announcement within which to timely move for appeal. We disagree.
The oral announcement is not a final appealable judgment. A final appealable judgment must be written. See La. C.C.P. art.1911, which states in pertinent part:
Except as otherwise provided by law, every final judgment shall be signed by the judge. For the purpose of an appeal as provided in Article 2083, no appeal may be taken from a final judgment until the requirement of this Article has been fulfilled.
|s.See also Mullins v. Mississippi Valley Silica Co., Inc., 08-0330 (La.App. 4 Cir. 3/20/08), 982 So.2d 209, 210. Because Mr. Woods did not file a motion for new trial after the rendition of the written judgment, he had 60 days from “[t]he expiration of the delay for applying for a new trial ...” within which to file his motion for appeal. La. C.C.P. art.2087(l). The delay for filing of a motion for new trial is seven days from the mailing of the notice of signing of the judgment. La. C.C.P. art.1974. Although the record before us does not contain a copy of that notice, Mr. Woods’ counsel agrees that he received the notice shortly after the signing of the judgment. The minimum statutory period in this case would have been 67 days from July 1, 2009. Having filed his motion for appeal on August 20, 2009, Mr. Woods’ motion was timely.
II
We now address the merits of Mr. Woods’ appeal. His sole contention in this appeal is that the total amount of $5,000 as compensation for what he describes as a record player and albums is excessive. A factfinder has considerable discretion in making an award of damages. “In the assessment of damages in cases of offenses, quasi offenses, and quasi contracts, much discretion must be left to the judge or jury.” La. Civil Code art. 2324.1.
The standard of review for special damages is set forth by the Louisiana Supreme Court in Kaiser v. Hardin, 06-2092, pp. 11-12 (La.4/11/07), 953 So.2d 802, 810:
|4Special damages are those which have a “ready market value,” such that the amount of the damages theoretically may be determined with relative certainty, including medical expenses and lost wages. McGee v. A C and S, Inc., 05-1036 (La.7/10/06), 933 So.2d 770. In reviewing a jury’s factual conclusions with regard to special damages, an appellate court must satisfy a two-step process based on the record as a whole: There must be no reasonable factual basis for the trial court’s conclusions, and the finding must be clearly wrong. Guillory v. Ins. Co. v. North America, 96-1084 (La.4/8/97), 692 So.2d 1029.
See also Moffitt v. Sewerage & Water Board of New Orleans, 09-1596, p. 9 (La. App. 4 Cir. 5/19/10), 40 So.3d 336.
In this case the trial court made an award of special damages only. Special damages are those which generally refer to specific expenses which may be quantified arising out of the consequences of the defendant’s behavior. For example, medical and related expenses, both past and *261 future, and earnings losses, past and future, are special damages in tort cases.
Ms. Walker describes herself as a DJ or disc jockey. She began her part-time career at the WYLD radio station. According to her uncontradicted testimony, around 1988 her late father had purchased for her Numark turntables, speakers, a stand, headphones, and cables. At the time the equipment cost him about $5,000 to $6,000. Her own estimate of the depreciated value of this equipment was $3,000. In preparation for trial she obtained an estimate or appraisal from C and C Music Center. Although the trial judge refused over Mr. Woods’ objection to allow the introduction of the written appraisal, the judge did permit Ms. Walker to testify without any further objection from Mr. Woods as to the amount of the appraisal. See La. C.E. art. 103 A(l). The value was stated to be almost $3,400. Mr. Woods, |fiwho did not testify, did not offer any competing valuations. The trial court awarded $2,500 for the depreciated equipment.
The trial court awarded an additional $2,500 for the loss of over 200 LP albums and 45 records which were used in the DJ business. The lost recordings included performances by Quincy Jones, Roberta Flack, and the Chi-Lites. Hilton Anderson, Jr. verified that Ms. Walker had a considerable collection of “albums and music.” According to Ms. Walker’s testimony, the value of each lost LP or 45 starts at $5.00. Again, Mr. Woods offered no competing, much less contradictory, valuations of the collection.
A trial judge’s determination of value is a finding of fact which is reviewed under the “clearly wrong” standard. See Katner v. Katner, 09-0974, p. 5 (La.App. 4 Cir. 12/23/09), 28 So.3d 566, 571; Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). We find the awards for the equipment and the record collection to be reasonable and not clearly wrong. Accordingly, we affirm the award of special damages.
Ill
We finally address Ms. Walker’s request for additional damages incurred as a result of what she categorizes as Mr. Woods’ frivolous appeal. She first made this request in her pleading filed on April 8, 2010. An appellee, such as Ms. Walker, may seek additional damages on account of a frivolous appeal. See La. C.C.P. art. 2164 (which provides in part that “[t]he [appellate] court may award damages for frivolous appeal ... ”).
An appellate court, however, does not have jurisdiction to consider a request for damages for a frivolous appeal absent an appeal or an answer to an appeal. See La. C.C.P. arts. 2121 and 2133 A. See also Westcott v. Westcott, 08-1339, p. 1, fn. 1 (La.App. 4 Cir. 4/17/09), 11 So.3d 45, 48.; HCNO Services, Inc. v. Secure Computing Systems, Inc., 96-1753, 96-1693 (La.App. 4 Cir. 4/34/97), 693 So.2d 835, 847. Ms. Walker did not file an appeal under Article 2121.[1]
Under Article 2133 A, an answer to an appeal must be filed at the latest within 15 days of the return date or of the lodging of the record, whichever is the later date.[2] *262 The record was lodged on December 28, 2009, which was after the return date. Even if we were to consider Ms. Walker’s pleading filed on April 8, 2010, as an answer to Mr. Woods’ appeal, it is untimely. In the absence of a timely answer to the appeal, we are without jurisdiction to consider Ms. Walker’s request for additional damages.
DECREE
Accordingly, we deny the motion of Aro-na Taylor Walker to dismiss the appeal of Rickey J. Woods and her request for additional damages; and we affirm the judgment in her favor and against Mr. Woods in the full amount of $5,000. All costs of this appeal are assessed to Rickey J. Woods. La. C.C.P. art. 2164.
MOTION TO DISMISS APPEAL DENIED; JUDGMENT AFFIRMED

. La. C.C.P. art. 2121 states in pertinent part: "An appeal is taken by obtaining an order therefor, within the delay allowed, from the court which rendered the judgment. An order of appeal may be granted on oral motion in open court, on written motion, or on petition.”

. La. C.C.P. art. 2133 A provides:
An appellee shall not be obliged to answer the appeal unless he desires to have the judgment modified, revised, or reversed in part or unless he demands damages against the appellant. In such cases, he must file an answer to the appeal, stating *262 the relief demanded, not later than fifteen days after the return day or the lodging of the record whichever is later. The answer filed by the appellee shall be equivalent to an appeal on his part from any portion of the judgment rendered against him in favor of the appellant and of which he complains in his answer. Additionally, however, an appellee may by answer to the appeal, demand modification, revision, or reversal of the judgment insofar as it did not allow or consider relief prayed for by an incidental action filed in the trial court. If an appel-lee files such an answer, all other parties to the incidental demand may file similar answers within fifteen days of the appellee’s action.