GAIDRY, J.
|2In this suit for damages resulting from a rear-end collision, the plaintiff appeals the jury’s general and special damages awards in her favor. We affirm.
FACTS AND PROCEDURAL HISTORY
Plaintiff, Lacy Nicole Pirtle, filed suit against Willie Earl Rowzee and his insurer, Allstate Insurance Company, for back and neck injuries she allegedly sustained in a rear-end collision which occurred on June 29, 2005. On the date of the accident, Ms. Pirtle was stopped at a red light in the right turn lane at the intersection of Airline Highway and Goodwood Boulevard in Baton Rouge. Mr. Rowzee, who was stopped at the red light behind Ms. Pirtle, was looking down at his phone when he noticed traffic begin to move in the lane to his left, so he took his foot off of the brake and bumped the rear of the vehicle driven by Ms. Pirtle. Ms. Pirtle claims that when her vehicle was hit, she struck her head on the steering wheel before her seatbelt caught and pulled her back, causing her to strike her head on the window before being pulled back against her seat.[1] No damage to the vehicles was observed, and no property damage claims were made. Ms. Pirtle reported feeling or hearing a pop in her neck at the time of the collision, followed by a burning sensation. She told the officer investigating the accident that her neck was sore but that she did not need an ambulance. She later drove herself to Coursey Urgent Care, where her neck was x-rayed and she was discharged with a neck brace, Lortab, Valium, and instructions to follow up 1¡¡with her primary care physician. Ms. Pirtle testified that she did not follow up with a primary care doctor as instructed because she did not have insurance and could not afford it. She eventually was referred to a chiropractor by her attorney, where she was diagnosed with whiplash. Her chiropractor testified that her neck injury responded favorably to treatment. At some point after the accident, she also began to complain of lower back pain, and she sought treatment with an orthopedist, a psychiatrist, and a pain management specialist for neck and low back pain and depression. She was still occasionally receiving treatment for back pain at the time of the trial in June 2009.
After a trial, the jury awarded Ms. Pir-tle $6,300.00 in general damages ($5,000.00 for past and future physical pain and suf *1066 fering, $800.00 for past and future mental pain and suffering, and $500.00 for loss of enjoyment of life) and $15,000.00 for past medical expenses. The jury made no award for future medical expenses. The defendants filed a motion for judgment notwithstanding the verdict, which was denied, and Ms. Pirtle filed a motion for judgment notwithstanding the verdict, or in the alternative, a motion for new trial, which was also denied. This appeal by Ms. Pirtle followed.
DISCUSSION
On appeal, Ms. Pirtle raises the following two assignments of error:
1. The Trial Judge engaged in behavior, in the presence of the jury, which resulted in the jury losing respect for plaintiff counsel, which then resulted in a small damage award for the plaintiff.
2. The Trial Judge engaged in behavior, in the presence of the jury, which resulted in the jury awarding only a portion of the plaintiffs special damages.
_yVLs. Pirtle alleges in her brief that the trial judge would make gestures which the jury could see but which would not appear in the transcript of the proceedings, or would “chastise plaintiff in the full view of the jury, repeatedly, however the jury could not hear her.” Ms. Pirtle alleges that this objectionable behavior by the judge is not recorded in the transcript, but that it prejudiced the jury against her. Ms. Pirtle filed a motion seeking to have this court order the trial court to supplement the record with these “missing” portions of the transcript. This motion is denied. Although both of Ms. Pirtle’s assignments of error complain of the judge’s behavior, from the arguments in the brief, it appears that her appeal is actually rooted in her belief that the jury awards for general and special damages were so low as to constitute reversible error. Because we cannot address the complaints of actions which are not in the record, we will review the jury’s awards of general and special damages for error.

General Damages Award

The discretion vested in the trier of fact is great and even vast, such that an appellate court should rarely disturb an award of general damages. Reasonable persons frequently disagree about the measure of general damages in a particular case. It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff that the appellate court should increase or reduce the award. Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1261 (La.1993), cert. denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994).
Although Ms. Pirtle argues that the jury’s award of general damages was low considering the extent and duration of her back and neck injuries, from our review of the record, it is obvious that the jury concluded that the |sonly injury Ms. Pirtle sustained in the accident was her neck injury and that her neck pain was not of the severity or duration she claimed.
The jury heard testimony at trial regarding other potential causes of Ms. Pir-tle’s back injuries. Brandi Etheredge, Ms. Pirtle’s friend and former co-worker, testified at trial that approximately three weeks before the automobile accident, she and Ms. Pirtle drank several bottles of wine and were waxing floors, when Ms. Pirtle slipped and fell on the floor, injuring her lower back. Ms. Etheredge testified that Ms. Pirtle later showed her the bruises near her tailbone from the fall. Additionally, Ms. Pirtle testified that two weeks after the car accident, she was feeling much better, so she went to False River *1067 for the Fourth of July holiday with her family and friends, including Ms. Ether-edge. Because she was “feeling great” and was not in any pain, she went tubing on the river for about an hour. The river was busy, and the ride was very bumpy,[2] and she fell off of the tube several times during the ride before eventually getting off of the tube because her neck started hurting. Ms. Etheredge testified that Ms. Pirtle also rode in a boat for several hours and rode jet skis for thirty to forty-five minutes that day. The testimony from Ms. Pirtle’s physicians relating her low back injury to this automobile accident was based upon information provided by Ms. Pirtle; i.e., that she had never injured her back before, and that her low back pain started soon after the automobile accident. Because other evidence presented to the jury cast doubt on Ms. Pirtle’s credibility and offered another cause for her low back injury, it was reasonable for the jury to conclude that her back injury was not caused by the automobile accident.
| fjThere was also evidence presented to the jury that Ms. Pirtle’s neck pain may not have been as severe or as constant as she alleged it to be. Ms. Pirtle testified at trial that her neck pain comes and goes; however, she testified at her deposition that it started fading away a month and a half to two months after the accident, and the complaints documented by her physicians primarily related to her low back. Although she testified about the pain she was in and how much the pain limited her activities at trial, doubt as to her credibility was cast by her statements and pictures posted online and by the testimony of other witnesses. Ms. Pirtle testified that she was unable to work in any capacity due to pain; was unable to do any chores, care for her child, or even go grocery shopping by herself; and was unable to have a social
life for two years after the accident. However, there was evidence presented at trial that Ms. Pirtle was able to work, do chores such as mowing her lawn with a push mower, and enjoy an active social life including going to bars, riding four-wheelers, riding a horse, going tubing, swimming, and shooting a gun after the accident. Although Ms. Pirtle contended that she was dependent upon pain medication to function, there was testimony that she was selling her pain medication. Under these circumstances, it is reasonable for the jury to have concluded that Ms. Pirtle’s pain was not of the duration and intensity she alleged, and for this reason, the general damages award of $6,300.00 was reasonable for Ms. Pirtle’s neck injury.

Special Damages Award

Special damages are those which generally refer to specific expenses which may be quantified arising out of the consequences of the defendant’s behavior. Coxe Property Management and Leasing v. Woods, 09-1729 p. 4 (La.App. 4 Cir. 8/11/10), 46 So.3d 258, 260. The standard of review for special damages was set forth by the Louisiana Supreme Court in Kaiser v. Hardin, 06-2092, pp. 1112 (La.4/11/07), 953 So.2d 802, 810:
Special damages are those which have a “ready market value,” such that the amount of the damages theoretically may be determined with relative certainty, including medical expenses and lost wages. McGee v. A C and S, Inc., 05-1036 (La.7/10/06), 933 So.2d 770. In reviewing a jury’s factual conclusions with regard to special damages, an appellate court must satisfy a two-step process based on the record as a whole: There must be no reasonable factual basis for the trial court’s conclusions, and the finding must be clearly wrong. Guillory *1068 v. Ins. Co. of North America, 96-1084 (La.4/8/97), 692 So.2d 1029.
In this case, the jury awarded Ms. Pirtle $15,000.00 for her past medical expenses and made no award for future medical expenses. In reviewing the jury’s award of special damages, we must determine whether there was a reasonable factual basis for the jury’s conclusion that not all of Ms. Pirtle’s claimed medical expenses were related to the accident and that she would incur no medical expenses in the future related to the accident, and also whether the jury’s conclusion was clearly wrong.
Because the jury obviously concluded that the only injury caused by the automobile accident was Ms. Pirtle’s neck injury, they could not make an award for the medical expenses related to her back injury. The evidence supports the jury’s conclusion that only Ms. Pirtle’s neck injury was caused by the accident, and we do not find this conclusion to be clearly wrong. Furthermore, although the special damages award of $15,000.00 does seem to be an arbitrary amount, it was difficult to determine exactly which medical expenses were related to her back injury and which were related to her neck injury since on several visits she mentioned both. As the defendants have not appealed the amount of the award, we will let it stand.
| ¿¡CONCLUSION
For the reasons set forth herein, the judgment appealed from is affirmed, and the costs of this appeal are cast to the plaintiff, Lacy Nicole Pirtle.
AFFIRMED.
HUGHES, J., dissents with reasons.

. Ms. Pirtle's description of the accident given on June 30, 2005 in a personal injury questionnaire at the Back and Neck Clinic of Louisiana differed in some respects from her testimony at trial. In the personal injury questionnaire, she stated that she hit her head on the steering wheel because her seat belt did not "catch” and then returned to the headrest. She did not mention striking her head on the window of the car and claimed that although she was wearing her seatbelt, the position she was in caused it not to "catch.”

. Ms. Etheredge testified that they crossed over boat wakes on the tube, making the ride rough, and they were all hurting when they got off the tube.