PAUL A. BONIN, Judge.
| TFour Corners Construction, L.P., subcontracted with Jack’s Electric Service, Inc., to provide specified work in connection with the operation of a five thousand wine bottle “cellar” as a part of an ongoing renovation of a home in uptown New Orleans. The subcontract provided for Jack’s to indemnify and defend Four Corners under certain circumstances; it also required Jack’s to furnish an insurance policy naming Four Corners as an additional insured. The policy was issued by Lafayette Insurance Company.
The homeowners, alleging numerous deficiencies in the overall renovation project, sued Four Corners. Four Corners then filed incidental demands against Jack’s and Lafayette, seeking to enforce its claims for indemnity and defense. After a considera *315 ble number of motions were filed and rulings were made, which we detail in Part I, post, the ultimate judgment which issued from the district judge awarded Four Corners the total amount of $196,281.00 as attorney fees owed for | ¡¡the defense of the homeowners’ action and the amount of $16,438.09 of additional costs of defense. The district judge denied Four Corners the bad faith penalties it sought against the insurer, Lafayette.
Four Corners appeals the denial of the motion for new trial wherein the district judge refused to award it an additional $28,102.71 in costs of defense and in denying it bad faith penalties on the attorney fees awarded. We more fully address Four Corners’ complaints in Part II, post. Because Four Corners does not offer any explanation for why the additional claimed costs could not have been discovered at the time of its initial motion for summary judgment, we find no abuse of discretion in the district judge’s denial of the motion for new trial. Also, because we find that the district judge correctly found that Foot Corners had not submitted a satisfactory proof of loss to Lafayette, we uphold that aspect of the judgment. Thus, we affirm those two aspects or parts of the judgment under review.
Jack’s and Lafayette devolutively appeal the award of attorney fees. We more fully address their complaint in Part III, post. The award was made on summary judgment. Because we find in this case that there are genuine issues of material fact about the fees claimed by Four Corners, we reverse that portion of the summary judgment which awarded such fees and we remand with instructions to the district court with respect to that part of the judgment under review.
Thus, we affirm in part, reverse in part, and remand with instructions. We explain our decision in greater detail in the Parts which follow.
_ki
In this Part we set out the relevant facts and discuss this appeal’s somewhat complicated procedural history.
A
In 2003, the plaintiffs in the principal demand, Sandy and Bruce J. Iteld, commenced the process of renovating their Robert Street home in uptown New Orleans by entering into a contract with Four Corners. The contract anticipated a thirteen month, one-and-a-half million dollar project. Among the design features included in the renovation was the creation of a climate controlled, five thousand bottle wine “cellar.” The contract also specified the installation of a generator to supply electricity to the wine cellar’s air conditioning unit in the event of a power outage.
Jack’s was the subcontractor responsible for all or most of the work associated with the installation of the generator. The subcontract included an indemnity agreement, which provides in pertinent part:
Section 8.1 Indemnity. To the fullest extent permitted by law, the subcontractor expressly agrees to defend (at subcontractor’s expense and with counsel acceptable to the contractor), indemnify and hold harmless owner, contractor ... from and against any and all claims, suits, losses, causes of action, damages, liabilities, fines penalties and expenses of any kind whatsoever, including without limitation, all expenses of litigation and arbitration, court costs, and attorney fees, arising on account of or in connection with injuries to or the death of any person, or any and all damages to property, including loss of use, regardless of possession or ownership. This defense and indemnity provision applies *316 to all injuries, death, or damages arising from, or in any manner connected with, the work performed by or for the subcontractor’s account under this subcontract, or caused in whole |4or in part by reason of the acts or omissions or presence of the person or property of the subcontractor on the job site or any of its employees, agents, representatives, subsubcontractors, or suppliers.
In its contract with Four Corners, Jack’s also agreed to provide insurance identifying Four Corners as an additional insured. The additional insured endorsement contained within Jack’s Lafayette policy provides:
A. Section II — -Who is an Insured is amended to include as an additional insured any person or organization for whom you [ (i.e. Jack’s) ] are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization is an additional insured only with respect to your liability for “bodily injury”, “property damage” or “personal and advertising injury” which may be imputed to that person or organization directly arising out of:
1. Your acts or omissions; or
2. The acts or omissions of those acting on your behalf;
In the performance of your ongoing operations for the additional insured.
By August 2005, as Hurricane Katrina approached New Orleans, the renovations to the Itelds’ home were yet to be completed. Although the Itelds had yet to retake possession of their home, their wine collection was on the premises at the time. Prior to their evacuation for Hurricane Katrina, the Itelds were informed that the generator had been installed, test-run, and was operating perfectly.
The generator failed, however, because of a faulty part several weeks after power to the house was lost. As a result, the Itelds’ entire wine collection was rendered a total loss. At the trial on the Itelds’ principal demand, the wine collection’s worth was valued by an expert at $362,622.00.
|-In 2006, the Itelds instituted this action against Four Corners, Jack’s, and Lafayette, among others.[1] The petition identifies numerous areas of purported negligence and/or breaches of contract which comprise the Itelds’ claims, but only one of these areas concerned the loss of the Itelds’ wine collection. See Iteld v. Four Corners Construction L.P., 12-1504 (La.App. 4 Cir. 6/5/13), — So.3d-, 2013 WL 2443261 (where we considered the myriad issues raised by the parties following the trial of the principal demand and Four Corners’ reconventional demand). During the course of the litigation Four Corners filed a third party demand against Lafayette seeking a defense arid indemnity from Lafayette through Four Corners’ additional insured status in the policy issued to Jack’s. Through its answer, Lafayette declined to provide Four Corners with a defense. Four Corners subsequently filed a motion for summary judgment seeking defense and indemnity from Jack’s and Lafayette. Jack’s filed a cross motion for summary judgment seeking a dismissal from the claims of Four Corners. The district judge denied the motions, and we denied the parties’ consolidated writ applications. See Iteld v. Four Corners Construction L.P., et al., 08-1299 c/w 08-1353, (La.App. 4 Cir. 1/26/09), unpub. Four Corners then filed a second motion for *317 summary judgment seeking defense and indemnity from Lafayette only.
After hearing argument on the issue, on February 12, 2010, the district judge issued a judgment wherein it determined that: 1) Four Corners met the definition of an additional insured under the Lafayette policy; 2) the “intended use completed operations” exclusion was inapplicable; and 3) Lafayette’s indemnification obligation would be contingent upon a determination of whether Four Corners was | f,solely negligent. Finally, the court ruled that although Four Corners was an additional insured under the Lafayette policy, the issue of Lafayette’s duty to defend would be determined at trial and be contingent upon the determination of whether Four Corners was solely negligent.
On February 18, 2010, pursuant to La. C.C.P. art.1971, the district judge, on its own motion, ordered a partial new trial for re-argument on the issue of Lafayette’s duty to defend. After hearing argument and (briefing) the district judge reversed its ruling on the issue of Lafayette’s duty to defend and issued the following ruling:
Since Four Corners meets the definition of an Additional Insured under the Lafayette Insurance Company policy in question, Lafayette Insurance Company is obligated to defend Four Corners in this matter and to reimburse the costs and expenses incurred by Four Corners in the defense of this matter since the filing of plaintiffs original Petition. Moreover, Four Corners is entitled to recover all reasonable costs and expenses incurred in the defense of any and all claims asserted against it by plaintiffs, Sandy Iteld, wife of/and Bruce J. Iteld, M.D., in this matter.
Lafayette sought interlocutory review of the ruling. We granted writs, affirmed in part, reversed in part, and held: “Lafayette’s duty to defend and reimburse Four Corners is limited exclusively to claims arising out of damages to the plaintiffs, the Itelds, from anything that Jack’s did improperly or for Jack’s negligence. We amend the 25 February 2010 judgment accordingly. In all other respects, the application for supervisory writs of Lafayette is denied.” Iteld v. Four Corners Construction L.P., 10-0374 (La.App. 4 Cir. 4/22/10), unpub. Our ruling, therefore, became the law of the case concerning Lafayette’s obligation to provide Four Corners with a defense of the Itelds’ claims against Jack’s. See Scott v. American Tobacco Co., Inc., 09-0461, pp. 4-5 (La.App. 4 Cir. 4/23/10), 36 So.3d 1046, 1050.
B
On April 14, 2010, in follow-up to the preceding rulings, counsel for Four Corners made written demand on Lafayette for a defense: “How do you propose we agree on the amount to be reimbursed by Lafayette and how Lafayette will defend Four Corners prospectively?” Counsel for Lafayette responded: “I think things can keep going as they have.” No agreement by the parties was reached with respect to reimbursement and prospective defense costs.
On January 3, 2012, Four Corners filed a Motion to Enforce Judgment against Lafayette, which the district judge granted on March 20, 2012, and ordered the parties to confer on the amount of costs and fees to be reimbursed by Lafayette. The parties, however, failed to reach an agreement.
Trial on the Itelds’ principal demand took place between March 19, 2012, and March 29, 2012. Specifically, the jury concluded that the loss of the Itelds’ wine collection was not due to any breach of the construction contract by Four Corners, or any negligent acts of either Four Corners or Jack’s. In other words, the Jury re *318 fused to compensate the Itelds for the loss of their wine collection. The district judge entered a judgment on the jury verdict on April 10, 2012. Four Corners and the Itelds took appeals from the district judge’s post-trial judgments. The Itelds, however, did not raise the jury’s refusal of their wine loss claim as an assignment of error.
|8On May 1, 2012, Four Corners’ counsel made written demand on Lafayette for reimbursement of costs and fees incurred in defense of the Itelds’ claims in the amount of $331,491.42. Four Corners substantiated its claim by attaching a spreadsheet that itemized the costs and fees, as well as copies of all billing entries and invoices.[2] On June 20, 2012, Four Corners amended its claim for costs and fees by providing Lafayette with additional documentation reflecting a total amount of $345,029.80 in incurred fees and costs.
Further, on May 1, 2012, Jack’s and Lafayette filed a Motion to Dismiss Four Corners’ cross claim and third party demand.[3] Specifically, Jack’s and Lafayette asserted that Four Corners claims for indemnity and reimbursement of fees and costs were baseless because the jury neither ascribed liability to, nor found fault with, Jack’s. Jack’s and Lafayette, therefore, asked the district judge to dismiss Four Corners’ incidental claims. In other words, Jack’s and Lafayette argued that Four Corners could not meet its burden of proving entitlement to reimbursement and indemnity.
Four Corners, on the other hand, filed motions for summary judgment against Jack’s and Lafayette on June 26, 2012. Four Corners’ motion against 19Jack’s sought to enforce the contractual defense and indemnity provisions of the subcontract entered into by Four Corners and Jack’s. Four Corners’ motion against Lafayette, likewise, sought to recover its costs and fees incurred in the defense of the Itelds’ claims, but also sought an award of statutory penalties because of Lafayette’s alleged bad faith refusal to defend and reimburse Four Corners in this matter. Significantly, Four Corners took the position that Jack’s and Lafayette are obligated to reimburse it for virtually all of its legal bills and expenses incurred in the defense of the Itelds’ claim. In their opposition memorandum, Jack’s and Lafayette attempted to sort Four Corners’ various charges into four discrete categories, and concluded that a mere 38%, or $56,924.00, of Four Corners’ attorney’s fees were attributable to the defense of the Itelds’ wine loss claim.
C
Following a hearing, the district judge, on December 5, 2012, granted Four Corners’ motions in part and awarded it *319 $145,000.00 in fees and $16,438.09 in costs, but denied its request for statutory penalties. Specifically, after reviewing the subcontract between Four Corners and Jack’s, the district judge found the indemnity language to be clearly unequivocal, and concluded that it placed a duty upon Jack’s to both defend and indemnify Four Corners. The district judge, moreover, clarified this obligation by observing that the subcontract, as interpreted by our 2010 writ disposition, obligated both Jack’s, and by extension its insurer Lafayette, to defend and/or indemnify Four Corners with respect to claims arising out of damages to the Itelds from anything that Jack’s did improperly or for Jack’s |innegligence. The district judge, however, rejected Four Corners’ contention that Jack’s and Lafayette are obligated for the totality of its defense bill on the basis of our 2010 ruling, which limited Lafayette’s obligation to defend and reimburse Four Corners to claims arising out of damages to the Itelds for anything that Jack’s did improperly, or for the negligence of Jack’s.
The district judge also rejected the argument put forward by Jack’s and Lafayette that they owe no reimbursement to Four Corners because the jury refused to find that Jack’s acted improperly or negligently by, again, referring to the clear and unequivocal language of the subcontract and our 2010 interpretation, and concluding that the “argument that the defense of Four Corners is contingent to a verdict is contrary to law and there is no genuine issue of material fact in that the duty to defend was required of Lafayette • Insurance Company immediately upon the Fourth Circuit’s ruling.” The district judge, moreover, observed that Four Corners had handled virtually the entirety of the defense of this action and that Jack’s did not retain any experts, question any witnesses, or offer any evidence at trial to defend the claims asserted by plaintiffs for the loss of their wine collection.[4] The district judge, accordingly, concluded that Four Corners was entitled to a defense against the Itelds’ wine claim, and therefore entitled to reasonable attorney’s fees spent in connection with that defense.
With respect to the amount of fees, however, the district judge rejected Four Corners’ allegation that it was entitled to be reimbursed for $345,029.80 in fees, as In well as Jack’s and Lafayette’s proposal to limit attorney’s fees to $56,924.00. After reviewing the criteria set forth in Rivet v. State, Dept. of Transp. & Dev., 96-0145, pp. 11-12 (La.9/5/96), 680 So.2d 1154, 1161, the district judge concluded that Four Corners’ requested fee was unreasonable in light of the fact that there was only a $17,592.20 difference between the appraised value of the Itelds’ wine collection and Four Corners’ requested legal fees. Moreover, the district judge observed that it could not decipher many of Four Corners’ billing entries, or attribute them to the defense of the wine claim. The district judge further found that many of Four Corners’ billing entries were excessive. Relying upon Filson v. Windsor Court Hotel, 07-0755 (La.App. 4 Cir. 7/23/08), 990 So.2d 63, which held that a trial court has the ultimate discretion to determine the amount of attorney’s fees based on the court’s own knowledge, the district judge awarded Four Corners $145,000.00 in fees.
With respect to costs, the district judge found Four Corners’ records sufficiently detailed and reasonable to support an award of $16,438.09. The district judge, however, refused to award statutory penalties. Although it concluded that Lafayette’s refusal to pay for Four Corner’s *320 defense costs pursuant to our 2010 ruling was in bad faith, the district judge nevertheless refused to award statutory penalties because it concluded that Four Corners could not establish that it provided Lafayette with a satisfactory proof of loss.
The district judge, further, granted Jack’s and Lafayette’s motion to dismiss “as to the parts of Four Corners’ Construction Company’s claims not rendered in | iaits favor, dismissing those remaining claims within its Motion for Summary Judgment with prejudice.”
Four Corners filed a motion for new trial on December 14, 2012, seeking an increased award of fees and costs, as well as reurging its claim against Lafayette for statutory penalties, and asking the district judge to declare that Jack’s and Lafayette had a continuing duty to reimburse Four Corners for future defense fees and costs. Jack’s and Lafayette opposed Four Corners’ motion on all grounds. Jack’s and Lafayette, however, acknowledged the district judge’s act of discretion in awarding $145,000.00, and conceded “the lack of any abuse of said discretion” in the award.
The district judge granted, in part, Four Corners’ motion for new trial on January 28, 2013, and increased the award of attorney’s fees by $51,281.00. Specifically, the district judge observed that the request for additional fees was substantiated by sufficiently detailed exhibits to warrant an increase in fees. On the other hand, the district judge concluded that the request for additional costs was not substantiated sufficiently to warrant an increased award. As regards Four Corners’ reiterated request for statutory penalties, the district judge vacated its original conclusion that Lafayette acted in a vexatious manner lacking in good faith in light of its observation that prior to the rendition of its December 5, 2012 judgment, Lafayette had no ascertainable proof as to Four Corners’ defense fees that would warrant a payment to Four Corners in advance of the district judge’s assessment of costs.
The district judge further amended the judgment to provide that Jack’s was to be added as a defendant to be cast in judgment for the December 5, 2012, judgment, but also ruled that “Jack’s Electric shall not be obligated to pay any portion of the judgment unless Lafayette Insurance Company defaults on its’ obligations to pay within the statutory time allowed by law.” Further, the district judge deferred on Four Corners’ request for a ruling on Jack’s and Lafayette’s obligations for future defense fees and costs.[5]
II
In this Part we explain why we affirm those parts of the judgment under review which denied the motion for new trial insofar as it sought an increase in costs of defense and which denied Four Corners’ claim for bad faith penalties.
A
We first discuss Four Corners’ assertion that the district judge erred when she refused to grant its request for additional costs set out in its motion for new trial. Significantly, we note that Four Corners’ initial motions for summary judgment against both Jack’s and Lafayette requested a total cost award of $16,438.09. The district judge awarded this amount in its December 5, 2012 judgment. No party to this appeal questions this award.
In its motion for new trial, however, Four Corners requested that the district judge award it an additional $28,102.71 in costs. Jack’s and Lafayette objected to this award, arguing that Four Corners *321 failed to introduce its cost invoices for these 114amounts in connection with its pri- or motions for summary judgment, and that Four Corners’ exhibits itemizing these additional costs did not adequately explain how the vast majority of the entries were related to the defense of the Itelds’ claims against Jack’s. Importantly, Four Corners has yet to explain why its initial request for costs did not include the $28,102.71 requested in its motion for new trial.
The district judge denied Four Corners’ request for the additional costs, writing: “Four Corners has failed to specify its bills with exactitude to warrant such an award. Exhibit 2 attached to Four Corners’ Motion for New Trial does nothing to specify how the majority of expenses are related to Jack’s. Therefore this Court finds that its’ original order for fees fairly depicts the amount that would have been expended for this case.”
We, initially, observe that Four Corners’ motion does not ground its request upon any of the peremptory grounds listed in La.Code of Civil Procedure art. 1972, or appeal to the district judge’s discretionary powers to grant new trials pursuant to La.Code of Civil Procedure art. 1973. Four Corners, likewise, does not assert reversal on this issue by reference to either of the two foregoing articles. And our review of the record indicates that the district judge’s ruling on this issue does not constitute an abuse of discretion. See Barham, Warner & Bellamy, L.L.C. v. Strategic Alliance Partners, L.L.C., 09-1528, p. 6 (La.App. 4 Cir. 5/26/10), 40 So.3d 1149, 1152. Simply put, the December 5, 2012 judgment was not clearly contrary to the law or the evidence because Four Corners failed to introduce the documents reflecting the additional costs at the July 12, 2012 hearing on their 11⅞motions for summary judgment against Jack’s and Lafayette. Similarly, given that the documents reflecting the additional costs were, at all times, under the control of Four Corners’ counsel they can hardly be characterized as new evidence that could not, with due diligence, have been obtained before or during the hearing on Four Corners’ motions.
We additionally note that a district judge’s award, vel non, of costs outside of the summary judgment procedure is subject to an abuse of discretion standard, and that absent an abuse of discretion, we will not interfere with an award of costs. See Vela v. Plaquemines Parish Government, 00-2221, p. 29 (La.App. 4 Cir. 3/13/02), 811 So.2d 1263, 1282. The district judge properly denied Four Corners’ motion for new trial with respect to additional costs.
B
We now turn to discuss Four Corners’ complaint that the district judge erred by failing to award it statutory penalties for Lafayette’s alleged failure to tender any amount of money in satisfaction of its defense obligations. Four Corners cites to La. R.S. 22:1973 and 22:1892 in support of its request for penalties. The prohibited conduct under these two statutes is virtually identical: “the failure to timely pay a claim after receiving satisfactory proof of loss when that failure to pay is arbitrary, capricious, or without probable cause.” Reed v. State Farm Mutual Automobile Ins. Co., 03-0107, p. 12 (La.10/21/03), 857 So.2d 1012, 1020 (emphasis added) (citing Calogero v. Safeway Ins. Co. of Louisiana, 99-1625, p. 7 (La.1/19/00), 753 So.2d 170, 174). The primary difference between these two | ir,statutes is the different time periods allowed for payment-thirty days under La. R.S. 22:1892 and sixty days under La. R.S. *322 22:1973.[6] Id. Because these two statutes are penal in nature, they are strictly construed. See Reed, 03-0107 at pp. 12-13, 857 So.2d at 1020 (citing Hart v. Allstate Insurance Company, 437 So.2d 823, 827 (La.1983)).
The claimant seeking to recover under these two statutes has the burden of establishing three things: 1) that the insurer received a satisfactory proof of loss, 2) that the insurer failed to pay the claim within the applicable statutory period, and 3) that the insurer’s failure to pay was arbitrary and capricious. See Sterling v. U.S. Agencies Casualty Co., 01-2360, p. 6 (La.App. 4 Cir. 5/15/02), 818 So.2d 1053, 1057. A satisfactory proof of loss must, among other things, establish the extent of the damages. See McDill v. Utica Mutual Ins. Co., 475 So.2d 1085, 1089 (La.1985). A satisfactory proof of loss is, likewise, a necessary predicate to a showing that the insurer was arbitrary and capricious. Reed, 03-0107 at p. 13, 857 So.2d at 1171021; Boudreaux v. State Farm Mut. Auto. Ins. Co., 04-1339, p. 4 (La.App. 4 Cir. 2/2/05), 896 So.2d 230, 234. Accordingly, no claimant is entitled to statutory penalties under La. R.S. 22:1973 and 22:1892 absent a satisfactory proof of loss. Normally, a district judge’s conclusion as to whether a proof of loss is satisfactory is subject to the manifest error standard of review. See Yount v. Lafayette Ins. Co., 08-380, p. 17 (La.App. 4 Cir. 1/28/09), 4 So.3d 162, 173; Boudreaux, 04-1339, p. 8, 896 So.2d at 236. Because the underlying ruling, however, arises out of the denial of a motion for summary judgment, we review the district judge’s ruling under the less deferential de novo standard. See Cusimano v. Port Esplanade Condominium Assn., Inc., 10-0477, p. 4 (La.App. 4 Cir. 1/12/11), 55 So.3d 931, 934.
The district judge denied Four Corners’ request -for statutory penalties after concluding that Four Corners could not establish that it provided Lafayette with a satisfactory proof of loss. As noted, Four Corners initially requested that Lafayette compensate it for nearly all attorney’s fees associated with the defense of the Itelds’ claims. The district judge rejected Four Corners’ request on the grounds that: 1) the total fee was excessive in relation to the estimated value of the Itelds’ wine collection; 2) many of the individual billing entries were excessive; and 3) it was unable to decipher many of Four Corners’ billing entries, or attribute them to the defense of the wine claim. We have reviewed Four Corners’ voluminous billing *323 entries and invoices, which take up more than three volumes of this matter’s record, and conclude that the district judge did not err in ruling that Four Corners’ 11scould not meet its burden of proving that it supplied Lafayette with a satisfactory proof of loss. See La. C.C.P. art. 966 C(2). We, accordingly, affirm the district judge’s denial of Four Corners’ request for statutory penalties pursuant to La. R.S. 22:1973 and 22:1892.
Ill
We now address Jack’s and Lafayette’s argument that the district judge erred in awarding Four Corners attorney’s fees. Jack’s and Lafayette do not argue on appeal that the district judge’s award of $196,281 in attorney’s fees should be reversed because of the presence of genuine issues of material fact, or that the award itself constituted an abuse of discretion. Jack’s and Lafayette assert, instead, that the district judge’s award of attorney’s fees was “inappropriate” because it represents an award for fees incurred by Four Corners’ counsel beyond the mere defense of actions attributable to Jack’s.
Pretermitting the arguments put forward by Jack’s and Lafayette, we conclude that the district judge erred in awarding Four Corners attorney’s fees because of the presence of genuine issues of material fact. We review the granting of a summary judgment under the de novo standard, which means that “we look at the facts and evidence in the record before us, inspecting it without regard or deference to the judgment of the trial court or its reasons for judgment.” Cusimano, 10-0477, p. 4, 55 So.3d at 934.
The reasonableness, vel non, of an attorney’s fee is a factual issue. See Leake & Andersson, LLP v. SIA Insurance Company (Risk Retention Group), LTD, 03-1600, p. 4 (La.App. 4 Cir. 3/3/04), 868 So.2d 967, 969; Nail v. Germania Plantation, Inc., 96-1602, p. 6 (La.App. 1 Cir. 5/9/97), 693 So.2d 1294, 1297. It is hornbook law that summary judgment is not a substitute for a trial on the merits, and it is inappropriate for judicial determination of subjective facts, such as motive, intent, good faith, or knowledge that calls for credibility determinations and the weighing of testimony. See Stewart Title of Louisiana v. Chevron, U.S.A., Inc., 12-1369, p. 6 (La.App. 4 Cir. 3/27/13), 112 So.3d 949, 952. Similarly, a motion for summary judgment is rarely appropriate for disposition of issues that require a determination of the reasonableness of acts and conduct of parties under all the facts and circumstances of a case. See Greater Lafourche Port Com’n v. James Const. Group, L.L.C., 11-1548, p. 7 (La.App. 1 Cir. 9/21/12), 104 So.3d 84, 88.
In ruling on a motion for summary judgment, the judge’s role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. See Hines v. Garrett, 04-0806, p. 1 (La.6/25/04), 876 So.2d 764, 765.
The record here discloses that both sides to the attorney’s fee dispute submitted proposed amounts to the district judge for consideration as reasonable fee awards. Jack’s and Lafayette, further, asserted that many of Four Corners’ proposed charges were unrelated to the defense of the Itelds’ claims against Jack’s. The district judge rejected both sets of proposed amounts, finding specifically that Four Corners’ proposal, which was based upon its attorneys’ billing records, was | ¡^unreasonable. The district judge further noted that it was unable to decipher many of Four Corners’ billing entries, or attribute them to the defense of the work attributed to Jacks’. Given these findings, the district judge was confronted with gen *324 uine issues of material fact that precluded it from awarding fees to Four Corners based upon its own estimation of reasonableness in the context of a summary judgment procedure. We, accordingly, reverse the district judge’s award of $196,281.00 in attorney’s fees to Four Corners and remand this matter with instructions.
REMAND INSTRUCTIONS
We remand to the district judge for summary trial only the issue of the amount of attorney fees to be awarded to Four Corners. We direct that the district judge proceed summarily and contradictorily with the parties in assessing and awarding reasonable attorney fees for Four Corners’ defense of those claims arising out of damages to the Itelds from anything that Jack’s did improperly or for Jack’s negligence. See La. C.C.P. art. 2592(1) (summary proceedings may be used for trial or disposition of the award of and the determination of reasonableness of attorney fees). Any party aggrieved by the amount of the district judge’s award shall be entitled to an appeal of right therefrom.
DECREE
We affirm the ruling which denied Four Corners’ motion for new trial in which it sought additional costs of defense. We also affirm that aspect of the summary judgment which dismissed with prejudice Four Corners’ claims against 1⅞1 Lafayette for penalties under La. R.S. 22:1973 and 22:1892. We reverse the award by summary judgment, as amended, of $196,281.00 in attorney fees. We remand with instructions to the district judge for a contradictory evidentiary hearing on the issue of the amount of reasonable fees due to Four Corners for the defense of those claims arising out of damages to the Itelds from anything that Jack’s did improperly or for Jack’s negligence.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

. Also made defendants were a roofing company and other insurance providers. These defendants are not parties to the present appeal.

. The supporting documentation comprises over three volumes of the record in Iteld v. Four Corners Construction L.P., 12-1504 (La.App. 4 Cir. 6/5/13),-So.3d-, 2013 WL 2443261. The record in Docket # 12-1504 has, by our order, been incorporated into the record of the present appeal.

. We conclude that we are authorized to exercise our appellate jurisdiction over this matter in light of our decision to treat Jack’s and Lafayette's Motion to Dismiss as a motion for summary judgment. See La. C.C.P. art 865 ("Every pleading shall be so construed as to do substantial justice.”) In Coxe Property Management and Leasing v. Woods, 09-1729, p. 2 (La.App. 4 Cir. 8/11/10), 46 So.3d 258, 259-260, we stated in construing Article 865: "[Cjourts look beyond mere heading and terminology used on or in pleadings to determine the circumstances and the true nature thereof.” Citing Griffith v. Metry Cab Service, Inc., 266 So.2d 739, 741 (La.App. 4 Cir.1972). We, likewise, noted in Coxe that "[ajppellate courts, too, construe pleadings liberally to do substantial justice.” Coxe, 09-1729, p. 2, 46 So.3d at 260.

. The District Court, on this point, ruefully observed: "If Jack’s Electric was providing a defense to Four Corners, this Court did not see it.”

. The parties have since advised us that the issue of future defense fees and costs is moot.

. Section 1892(B)(1) provides: Failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefor or failure to make a written offer to settle any property damage claim, including a third-party claim, within thirty days after receipt of satisfactory proofs of loss of that claim, as provided in Paragraphs (A)(1) and (4) of this Section, respectively, or failure to make such payment within thirty days after written agreement or settlement as provided in Paragraph (A)(2) of this Section when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater, payable to the insured, or to any of said employees, or in the event a partial payment or tender has been made, fifty percent of the difference between the amount paid or tendered and the amount found to be due as well as reasonable attorney fees and costs. La. R.S. 22:1892(B)(1).
Section 22:1973(B) provides: Anyone of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A;
(5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious or without probable cause. La. R.S. 22:1973(B)(5).