WARREN DUDENHEFER     *     NO. 2019-CA-0387

VERSUS     *

    COURT OF APPEAL

LOUISIANA CITIZENS     *

PROPERTY INSURANCE     FOURTH CIRCUIT

CORPORATION, ET AL     *

    STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
ST. BERNARD 34TH JUDICIAL DISTRICT COURT
NO. 13-0977, DIVISION "E"
Honorable Jacques A. Sanborn, Judge
* * * * * *
**Judge Roland L. Belsome**
* * * * * *
(Court composed of Judge Roland L. Belsome, Judge Paula A. Brown, Judge
Tiffany G. Chase)

Michael C. Ginart, Jr.
Joyce D. Young
Nicholas N.S. Cusimano
John C. Ginart
LAW OFFICES OF MICHAEL C. GINART, JR. & ASSOCIATES
2114 Paris Road
Chalmette, LA 70043

       COUNSEL FOR PLAINTIFF/APPELLEE

Paul A. Tabary, III
Elizabeth Borne
TABARY AND BORNE, LLC
Three Courthouse Square
Chalmette, LA 70043

       COUNSEL FOR DEFENDANT/APPELLANT

**AFFIRMED IN PART; AMENDED IN PART; REVERSED IN PART AND
RENDERED**

                         **SEPTEMBER 25, 2019**

This appeal is taken from the trial court's ruling in favor of the appellee, Warren Dudenhefer, for damages caused to his property due to Hurricane Isaac.

*Facts*

Mr. Dudenhefer owns property located at 4601 Hopedale Hwy. in St. Bernard, Louisiana. Louisiana Citizens Property Insurance Corporation ("LCPIC") issued a homeowner policy of insurance for the property with a hurricane deductible of $14,008.00.

In August of 2012, Hurricane Isaac struck parts of Louisiana producing excessive wind and rain. Mr. Dudenhefer's property sustained extensive damage as a result of those weather conditions. Following the hurricane, Mr. Dudenhefer contacted LCPIC to initiate a claim. An adjuster was sent to Mr. Dudenhefer's property on September 4, 2012, to assess the damages and to estimate the loss.

After the adjuster inspected the property, Mr. Dudenhefer waited for a report from LCPIC. During that time, he continued to send pictures of his damages and repeatedly requested a written report. LCPIC denied his claim stating that the covered damages did not exceed the deductible on the policy and other damages were excluded. Mr. Dudenhefer filed suit against LCPIC to recover for his

1

damages.  In his petition he alleged that LCPIC was arbitrary and capricious in the handling of his claim.

## *Procedural History*

Following a bench trial, the original final judgment was rendered and signed on May 23, 2018.  Thereafter, in response to motions for new trial, additional judgments were rendered on August 31, 2018, October 14, 2018, November 19, 2018, and December 6, 2018.  The final judgment awarded Mr. Dudenheffer $99,022.50, which was inclusive of general damages, penalties and attorney's fees.  LCPIC filed this appeal challenging the trial court's judgment.[1]

On appeal, LCPIC argues that the trial court erred in its award of damages and penalties.[2]

## *Damages*

LCPIC maintains that its denial of the claim was based on the policy provision excluding loss caused by water whether driven by wind or not, unless the insured property first sustains actual damage by direct force of wind, and water enters the property through openings made by direct action of the wind.  LCPIC asserts that Mr. Dudenhefer did not meet his burden of proof to overcome the water damage exclusion.  Therefore, the trial court erred in awarding damages under the policy.

On appellate review, the trial court's findings of fact are reviewed under a manifest error clearly or clearly wrong standard.  *Hall v. Folger Coffee Co.*, 2003-1734, p. 9 (La. 4/14/04), 874 So.2d 90, 98.  Under that standard, this Court cannot

---

[1] The judgment also included legal interest and court costs.

[2] In Mr. Dudenhefer's brief, he assigned as error the trial court's failure to award 10% profit and 10% overhead in the judgment.  However, he did not file an answer to the appeal.  Accordingly, Mr. Dudenhefer's request for an increase in the judgment is not properly before this Court. *See,* La. C.C.P. art. 2133(A).

2

reweigh the evidence or substitute the factual findings to decide the case differently. *Id.* Further, as factfinder, the trial court can accept or reject, in whole or in part, any witness's testimony including expert witnesses. *Levine v. Allstate Ins. Co.*, 2017-0896, p. 3 (La.App. 4 Cir. 4/18/18), 243 So.3d 1286, 1288. The pertinent policy language relied upon by LCPIC states:

> SECTION I- PERILS INSURED AGAINST
>
> We insure for direct physical loss to the property described in Coverages A, B and C caused by any of the following perils unless the loss is excluded under Section I - Exclusions.
> ****
> 2. Windstorm or Hail
>
> This peril does not Include loss to the inside of a building or the property contained in a building caused by rain, snow, sleet, sand or dust unless the direct force of wind or hail damages the building causing an opening in a roof or wall and the rain snow, sleet, sand or dust enters through this opening.

Therefore, "'both wind-created openings and the passage of rain through those openings into the damaged property are conditions precedent to recovery'" under the policy. *Best v. State Farm Fire & Cas. Co.*, 2007-0573, p.5 (La. App. 4 Cir. 10/10/07), 969 So.2d 671, 675 (quoting Couch on Insurance 3d, §153:17). Further, this Court has acknowledged that under these type of water damage exclusions, the insured does not have to prove that the wind created a hole in the structure for the water to enter. *Id.* Rather, the insured just needs to demonstrate that the wind created an opening that allowed the water to enter. *Id.*

In this case, Mr. Dudenhefer contacted LCPIC shortly after the occurrence of Hurricane Isaac, and an adjuster was assigned to evaluate the loss. The adjuster inspected the property on September 4, 2012. Following the inspection, Mr. Dudenhefer submitted additional pictures and an itemized list of his damages along with estimates. When inquiring about the status of his claim, he was informed that

LCPIC had mailed a report and notification of denial to the uninhabited Hopedale address. Mr. Dudenhefer testified that he did not receive that correspondence. Eventually, Mr. Dudenhefer received correspondence dated September 13, September 19, and December 5, 2012. Those letters indicated that, based on the field adjuster's report and the wind driven rain exclusion, approximately $6,000.00 of damage were covered losses under the LCPIC policy. Since that amount did not exceed the $14,008.00 hurricane deductible, LCPIC denied the claim.

To establish that their claims adjusting and denial of the vast majority of the damage to the property was reasonable, LCPIC had a desk adjuster, Marsha Smith, testify at trial. At trial, Ms. Smith reviewed and interpreted the report prepared by the actual field adjuster, Shannon Donley. Ms. Smith explained that a third-party administrator, Bankers Insurance Company, hired Mr. Donley's employer, Elite Claims Service, LLC to adjust the claim. Ms. Smith acknowledged that the report submitted by Mr. Donley contained incorrect assessments as it related to alleged flood water levels that caused damage on the second floor of the structure. The policy excludes any damages due to flood. Mr. Donley's report did identify significant drywall, carpet, and floor damage caused by wind driven rain. The report described points of entries for the wind driven water as being near windows and doors. Yet, it was clear that there was no evaluation of the doors, windows, or roof to indicate whether the hurricane had created any openings in these areas for the rain to enter. The report was silent as to the condition of the doors, windows, and roof.

The trial testimony of Mr. Dudenhefer's experts described the extent of the damages and their opinion on how the damage occurred. It was undisputed that the bulk of the interior damage was caused by wind driven rain. Robert Allen Harris,

4

Jr., an expert in civil engineering, and Roy J. Gross, III, an expert in Louisiana residential and commercial construction testified as to how the wind driven rain infiltrated the home. Mr. Harris testified that the property had succumbed to wind pressure that created openings by the doors and the windows and on the roof which allowed for wind driven rain to enter the dwelling. He concluded that the structure had shifted based on the drywall cracking on both the walls and the ceiling in vertical, horizontal, and diagonal paths. He also found it consistent with what he described as a cyclical action of the wind, which occurs when wind speeds increase and decrease.

Mr. Harris' observations were further supported by Mr. Gross' findings. He testified that the wind had caused the windows to fail and he had also observed areas where the flashing was compromised. He concluded that those conditions, which were created by Hurricane Isaac, provided entry points for wind driven rain. Mr. Gross assessed all the damage and estimated the repair cost would be $50,092.00.

In contradiction to Mr. Dudenhefer's experts, LCPIC's expert, an engineer, testified that the openings were probably caused by aging or ineffective caulking, weather stripping, and thresholds that allowed the rain to enter the home.

After considering the evidence presented, the trial court found that $40,414.00 in property damage, less the hurricane deductible, was covered under the policy. Upon a review of the record, in its entirety, this Court cannot find that the trial court was manifestly erroneous or clearly wrong in its award of damages under the policy. That finding is affirmed.

5

Turning to the penalties award, LCPIC supports its contention that the trial court erred in awarding penalties under La. R.S. 22:1973(C) by arguing that it was not arbitrary and capricious in its claims handling, because it had a valid policy provision under which to deny and then challenge the claim. Alternatively, LCPIC claims that the trial court committed legal error in its application of the statute's penalty provision.

Statutory interpretation is a legal issue. It is well settled that appellate court's review questions of law *de novo* giving "no special weight to the findings of the trial court, but exercises its constitutional duty to review questions of law and renders judgment on the record." *Banks v. New Orleans Police Dep't,* 2001-0859, p. 3 (La. App. 4 Cir. 9/25/02), 829 So.2d 511, 514 (citations omitted). La. R.S. 22:1973 reads in pertinent part:

> A. An insurer, including but not limited to a foreign line and surplus line insurer, owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.

> B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A of this Section:

> \*\*\*\*

> (5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.

> \*\*\*\*

> C. In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater. Such penalties, if awarded, shall not be used by the insurer in computing either

6

past or prospective loss experience for the purpose of setting rates or making rate filings.

La. R.S. 22:1973.

### *Arbitrary and Capricious*

Louisiana jurisprudence has established that in order for an insured to be entitled to penalties and attorney fees for bad faith claims handling, the insured must prove: 1) the insurer received satisfactory proof of loss; (2) the insurer failed to pay the claim within the applicable statutory period; and, (3) the insurer's failure to pay was arbitrary, capricious and without probable cause. *Aghighi v. Louisana Citizens Property Ins. Corp.*, 2012-1096, p. 4 (La.App. 4 Cir. 6/19/13), 119 So.3d 930, 933 (citing *Louisiana Bag Co., Inc. v. Audubon Indem. Co.*, 2008-0453, pp. 11-12 (La. 12/2/08), 999 So.2d 1104, 1112-13). An insurer's actions are found to be arbitrary, capricious, or without probable cause when it's refusal to pay is unjustified. *See Sher v. Lafayette Ins. Co.*, 2007-2441, p. 27 (La. 4/8/08), 988 So.2d 186, 206. In order to establish that the insurer acted in an arbitrary and capricious manner, the insured must first prove that satisfactory proof of loss was provided. *Iteld v. Four Corners Const., L.P.*, 2013-0692, p. 16 (La. App. 4 Cir. 1/30/14), 133 So.3d 312, 322. There is no requirement that the proof of loss needs to be in any particular format, but it must consist of sufficient facts which fully apprise the insurer of the extent of the damages sought. *Louisiana Bag Co.*, 2008-0453, p.16, 999 So.2d at 1115.

As previously discussed, this is a claim that was intricately documented by Mr. Dudenhefer beginning in September of 2012. Unfortunately, the insurer failed to exhibit the same diligence in the claims process. The initial report relied upon by LCPIC was woefully undeveloped, inaccurate in some respects, and lacking in

crucial details. Relying on that report, which was created by a third-party's contract employee, LCPIC denied any coverage outside of the $14,008.00 deductible for approximately six (6) years.

On the stand, Mr. Dudenhefer expressed the frustration and mental anguish he experienced during the six (6) year period that he had been trying to have his claim properly adjusted. He suffered loss of use, financial burdens, and the inconvenience of having to live in a storm damaged dwelling. The evidence established that it was some time before he was able to return to his home. When he did return he had cracked walls, water stains, and cabinetry that was rotting. The evidence further showed that he had to do repairs on his own and pay for other repairs in order to continue living in the home and to mitigate further damage.

Based on the evidence presented at trial, the trial court found that LCPIC breached their contractual duty to Mr. Dudenhefer and acted arbitrary and capricious in denying his claim for such an extended period after repeatedly being presented with adequate proof of loss. This Court finds the record in this case supports the trial court's factual findings on LCIP's conduct. That finding will not be disturbed on appeal.

### *La. R.S. 22:1973(C) Penalties*

Because the trial court found that LCPIC was arbitrary and capricious in its claims adjusting, the judgment awarded penalties under La. R.S. 22:1973(C). In the trial court's original judgment, penalties were awarded in the amount of $25,000.00. Mr. Dudenhefer filed a motion for new trial seeking an amended judgment that would correctly reflect the general damages and penalties pursuant to La. R.S. 22:1973(C), together with an award of attorney's fees under La. R.S.

8

1983.[3] Thereafter, the trial court issued an amended judgment awarding a total of $99,020.50, "inclusive of general damages, penalties and attorney's fees." The judgment allotted $52,812.00 to "penalties under La. R.S. 22:1973(C)" and $19,804.50 for attorney's fees.[4] LCPIC's appeal maintains that no penalties are due, but if penalties were warranted, the trial court's calculation was legally incorrect.

The Louisiana Supreme Court, in *Durio v. Horace Mann Ins. Co.*, 2011-0084 (La. 10/25/11), 74 So.3d 1159, has clearly enunciated the proper method to calculate penalties under La. R.S. 22:1973. When discussing the penalty provision of the statute, the *Durio* court stated that a proper interpretation "mandates a finding that contractual damages due or awarded under the insurance contract should not be used to calculate penalties under the statute." *Id.* 2011-0084, p. 18, 74 So.3d at 1171. Instead, "penalties are calculated by doubling the amount of damages attributable to the insurer's breach of duties imposed under the statute." *Id.*

In this case, the trial court's penalties, pursuant to La. R.S. 22:1973, were precisely two times the damages awarded under the insurance policy ($26,406.00 x 2 = $52,812.00). It is clear that the trial court erroneously used the contractual damages to calculate the penalties. For that reason, we find that the trial court incorrectly interpreted the statute when calculating the penalties awarded to Mr. Dudenhefer.

It is a legal error when a trial court applies the incorrect principles of law and such errors are prejudicial. *Moore v. Dept. of Police*, 2006-1217, p. 3 (La.App.

---

[3] The motion for new trial also sought an increase in contractual damages to include 10% overhead and 10% profit. That request was denied.
[4] Attorney's fees were calculated at 25% of the total award.

9

4 Cir. 1/17/07), 950 So.2d 96, 98. When an error of law occurs, the appellate court is required to render judgment on the record by applying the correct law and determining the essential material facts *de novo*.

In affirming the trial court's finding that LCPIC was arbitrary and capricious in its claims handling, this Court finds that penalties are warranted under La. R.S. 22:1973(C). In adherence to *Durio*, we must first determine if there were general or special damages sustained by Mr. Dudenhefer due to LCPIC's breach of its claims handling duties. Weighing the entirety of the record, especially Mr. Dudenhefer's account of his claims adjusting experience, this case supports an award of $12,500.00 in general damages for his mental anguish, aggravation, and inconvenience. Further, in accordance with La. R.S. 22:1973(C), we find the penalties due Mr. Dudenhefer are $25,000.00, two (2) times his general damages. Since our rendering of judgment reduces the total award Mr. Dudenhefer is entitled to, the award of attorney's fees must be adjusted to $15,976.50.[5]

## *Conclusion*

To summarize, the trial court's judgment is affirmed as to $40,414.00 in policy covered damages, subject to the $14,008.00 deductible. Further, the judgment is amended to correctly reflect attorney's fees, and reversed as to penalties. This Court renders judgment on general damages in the amount of $12,500.00, penalties of $25,000.00, and attorney's fees in the amount of $15,976.50.

**AFFIRMED IN PART; AMENDED IN PART; REVERSED IN PART AND RENDERED**

---

[5] The total amount of damages awarded by this Court is $63,906.00. This Court relied on the trial court's determination that the case warranted attorney's fees of twenty-five percent (25%) of the total judgment, which amounts to $15,976.50.